838400/RTS/llz

Firm ID: 90384

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DEMAR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 5093 |
| | ) | |
| THE CHICAGO WHITE SOX, et al. | ) | Judge Der-Yeghiayan |
| | ) | |
| Defendants. | ) | |

**FILED**     NF

OCT 0 5 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PARTIES' JOINT INITIAL STATUS REPORT

NOW COMES the Plaintiff, ROBERT DEMAR and Defendants, CHICAGO WHITE SOX, LTD., CHISOX CORPORATION, an Illinois Corporation, AT YOUR SERVICE, INC., an Illinois Corporation, and AT YOUR SERVICE, LLC, and for their Joint Initial Status Report State:

1.    **Bases for federal jurisdiction.**

*I. Subject Matter Jurisdiction.* Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. 1331 and 1343 in light of his claim brought under Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 *et seq.*, and these defendants do not contest this Court's jurisdiction to hear such claims.

*II. Venue.* Plaintiff claims that venue is proper in that all of the acts and occurrences pled within the complaint occurred within this district.

2.    **Nature of claims and counterclaims**

Plaintiff brings a federal claim under Title III of the ADA, seeking accommodations at US Cellular Field for his disabilities. Plaintiff also brings state law claims for assault and battery, false imprisonment, negligence and intentional infliction of emotional distress in

5081694v1 856400

Dockets.Justia.com

connection with his allegedly unlawful removal from the ballpark on September 7, 2003. There are no counterclaims currently pled, but defendants reserve the right to so plead in the future.

3.     **Relief sought by plaintiff**

Plaintiff seeks compensatory and punitive damages from the defendants, for physical and emotional injuries. In his ADA claim, plaintiff also seeks declaratory relief regarding the defendants' policies and practices, and seeks injunctive relief enjoining and/or modifying defendants' ADA policies. Plaintiff also seeks attorney fees. In his complaint, plaintiff specifically claims a loss of $441 related to ambulance service which he claims he did not desire.

4.     **Names of parties not served: SDI Security, Inc., Superior Air-Ground Transport**

5.     **Principal legal issues**

Applicability of the ADA to plaintiff's claims, and compliance with the ADA; whether plaintiff is disabled as defined by the ADA; whether plaintiff allegations arise to the level of false arrest and battery within the meaning of the Fourth Amendment, or whether they represent *diminimus* contact for which the protection sought is unavailable; whether plaintiff's allegations rise to the level of "extreme and outrageous" conduct under Illinois law for claims of intentional infliction of emotional distress (IIED); whether plaintiff has an adequate remedy at law and whether he will continue to suffer irreparable harm in connection with his claim for injunctive relief; whether plaintiff can direct claims at unknown persons; whether there exists an independent cause of action for *respondeat superior*.

6.     **Principal factual issues**

The nature of plaintiff's disability and whether it affects a major life disability; the credibility of the parties'; whether the defendants actions were reasonable; whether the facility is in compliance with applicable ADA rules and regulations.

7.     **List of pending motions and brief summary of bases for motions**

These defendants intend to file a motion to dismiss pursuant to 12(b)(6), which under the waiver of service provisions is due on or around November 4, 2005. No other motions are pending.

8.    **Description of discovery requested and exchanged.**

The parties will undertake both liability and damage discovery pursuant to Rule 26, and have already discussed the informal exchange of discovery. As of this date, no specific written discovery requests have been exchanged.

9.    **Type of discovery needed**

Plaintiff's alleged disability; prior claims and lawsuits; liability and damages issues; ADA compliance.

10.   **Agreed dates:**

a.    Discovery shall proceed without delay as to all parties appearing of record;

b.    Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and applicable Local Rules, shall be served on opposing parties by **November 21, 2005**;

c.    Plaintiff's deposition shall be taken by **January 27, 2006**;

d.    Defendants' depositions shall be taken by **February 24, 2006**;

e.    Third Party actions, if any, must be commenced by **March, 2006**.

f.    Expert witnesses for trial, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

Plaintiff's expert(s):          **June 30, 2006**;
Defendants expert(s):       **August 15, 2006**;
Plaintiff's rebuttal expert(s): **August 30, 2006**;

g.    All fact discovery shall be completed by **May 15, 2006**. Any written interrogatories or request for production served after the date set out in the Scheduling and Discovery Order shall be served by a date that allows the served parties the full thirty (30) days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date;

598169:v: 856400

       h.      All dispositive motions shall be filed by **July 15, 2006.**

       i.      Final Pre-Trial Order due **October 15, 2006**

11.    **Estimation of when the case will be ready for trial**

November/December 2006

12.    **Probable length of trial**

Approximately two (2) weeks.

13.    **Whether a request has been made for a jury trial**

Yes.

14.    **Whether there have been settlement discussions and if so the outcome of those discussions**

There have been no formal settlement discussions at this time.

15.    **Whether the parties consent to proceed before a Magistrate Judge**

The parties cannot agree to consent at this time.

_____
Attorney for Plaintiff
Mr. Matthew T. Martell
7557 W. 63rd Street
Summit, Illinois 60501
708/924-9000

_____
Attorney for Defendants
Robert T. Shannon
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
312/704-3000

858400/RTS/llz

Firm ID: 90384

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT DEMAR                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )   Case No.  05 C 5093
                                      )
THE CHICAGO WHITE SOX, et al.         )   Judge Der-Yeghiayan
                                      )
          Defendants.                 )

**FILED**

OCT 0 5 2005    N

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## NOTICE OF FILING

TO:       Matthew T. Martell
          7557 W. 63rd Street
          Summit, Illinois 60501

    PLEASE TAKE NOTICE THAT on October 5, 2005, we caused to be filed with the U.S.
District Court, the attached **Joint Initial Status Report,** a copy of which is herewith served upon
you.

_____
                              Attorney for Defendants

Robert T. Shannon
HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
Firm I.D. No. 90384

## CERTIFICATE OF SERVICE

    I, Lisa L. Zions, a non-attorney, certify that I served this notice by mailing a copy to each
person to whom it is directed, and depositing the same in the U.S. Mail at 222 N. LaSalle Street,
Chicago, Illinois, on or before 5:00 p.m. on October ____5____, 2005 with proper postage
prepaid.

_____
                              Lisa L. Zions

SUBSCRIBED and SWORN to
before me this ____5____ day of October, 2005.

_____
Notary **OFFICIAL SEAL
JOSEPH D NIEMEIER**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/08/06

5981818v1 858400