26847.00D6S8/ccp Document #: 705075 Firm Id. 412

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DEMAR, Plaintiff, | ) | |
| v. | ) | 05 C 5093 |
| THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION, a corporation, AT YOUR SERVICE, INC., a corporation, AT YOUR SERVICE, L.L.C., SDI SECURITY, INC., a corporation, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC., a corporation, and OTHER UNKNOWN DEFENDANTS. Defendants. | ) | Judge Der-Yeghiayan<br>Magistrate Judge Levin |

**DEFENDANT SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC. ("SUPERIOR"), by it attorneys, JEFFREY H. LIPE, SUMMER E. HEIL and BRIGITTE C. WEYLS of WILLIAMS MONTGOMERY & JOHN LTD., and in Answer to Plaintiff's First Amended Complaint at Law, states as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants pursuant to Title III of the Americans with Disabilities At of 1990, 42 U.S.C. § 12181, *et. seq.* ("ADA"), for Defendants' violations of the ADA, and Illinois state law for Defendants' assault, battery, and false imprisonment of Plaintiff.

Dockets.Justia.com

ANSWER: Defendant, SUPERIOR, admits that Plaintiff's First Amended Complaint purports to raise causes of action under Title III of the American with Disabilities Act of 1990 and Illinois common law theories such as assault, battery and false imprisonment. Defendant, SUPERIOR, denies that Plaintiff has adequately stated a cause of action against it under any of the theories described in Paragraph 1 and further denies that it committed any of the wrongful acts alleged.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

ANSWER: Defendant, SUPERIOR, admits the allegations of Paragraph 2.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391.

ANSWER: Defendant, SUPERIOR, admits that venue is proper in the Northern District of Illinois, but denies any allegations of wrongful conduct.

**PARTIES**

4. Plaintiff ROBERT DEMAR (hereinafter sometimes referred to as "DEMAR") is a citizen of the United States and a resident of the City of Chicago, State of Illinois. Plaintiff is an individual with a physical impairment that substantially interferes with one or more of his major life activities, including walking. At all relevant times, Plaintiff was protected under 42 U.S.C. §12181, *et. seq.*

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5. On and before September 7, 2003, THE CHICAGO WHITE SOX, LTD., was a general partner with CHISOX CORPORATION (hereinafter collectively referred to as "SOX"). On and before September 7, 2003, the SOX leased, operated, managed, maintained and

controlled the premises known as US Cellular Field, which is located at 333 West 35th Street, City of Chicago, County of Cook, State of Illinois (hereinafter also referred to as the "ballpark"). During major league baseball games and other public events, US Cellular Field is a place of public accommodation under the ADA and Defendants are thus prohibited from discriminating on the basis of disability. See 42 U.S.C. 1218(a); 42 U.S.C. 12181(7); 28 C.F.R. Pt. 36, App. B at 585; Title III Technical Assistance Manual III-1.2000(d)(1994 Supp.)(Add.5); and 42 U.S.C. 12182(b)(1)(E).

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of whether SOX was a general partner with CHISOX CORPORATION and further, whether SOX leased, operated, managed, maintained and controlled US Cellular Field on September 7, 2003. As to the remaining allegations of Paragraph 5, Defendant, SUPERIOR, admits that US Cellular Field is a place of public accommodation under the ADA, but denies that Plaintiff has adequately stated a cause of action against it under any of the theories described in Paragraph 5 and further denies that it committed any wrongful conduct, as detailed in its answers to specific allegations below.

6. On and before September 7, 2003, AT YOUR SERVICE, INC. and AT YOUR SERVICE, L.L.C. (hereinafter collectively referred to as "AT YOUR SERVICE"), entered into an agreement with Defendants, the SOX, whereby it became an employee, servant and/or agent of the SOX, to provide planning and staffing for baseball games at US Cellular Field, including but not limited to security and crowd control services.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. On and before September 7, 203, SDI SECURITY, INC. (hereinafter referred to as "SDI") entered into an agreement with Defendants, the SOX, whereby it became an employee, servant and/or agent of the SOX, to provide security services at US Cellular Field.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. On and before September 7, 2003, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC., (hereinafter referred to as "SUPERIOR") was a provider of emergency medical services and transportation, with an ambulance on-site at US Cellular Field.

ANSWER: Defendant, SUPERIOR, admits that on and before September 7, 2003, it provided "stand-by" emergency medical services and transportation, with an ambulance on-site at US Cellular Field, but denies all remaining allegations of Paragraph 8 inconsistent therewith.

9. On and before September 7, 2003, OTHER UNKNOWN DEFENDANTS (hereinafter referred to as "UNKNOWN DEFENDANT", "security personnel", or "ambulance personnel") were acting in the scope of their employment, as security personnel and/or ambulance personnel, with actual and apparent authority of the named Defendants, whose names and identities are presently unknown to Plaintiff.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 9 as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 9 could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

## STATEMENT OF FACTS

10. On and before September 7, 2003, Defendant, the SOX, leased, operated, managed, maintained and controlled the premises known as US Cellular Field, which is located at 333 West 35th Street, in the City of Chicago, county of Cook, State of Illinois.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. On and before September 7, 2003, the SOX controlled, permitted, planned and coordinated a baseball game at US Cellular Field.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. On September 7, 2003, Defendant, AT YOUR SERVICE, controlled, trained, planned, monitored and coordinated security and crowd control services and personnel for the baseball game.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. On September 7, 2003, Defendant, SDI, controlled, trained, planned, monitored and coordinated security and crowd control services and personnel for the baseball game.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. On September 7, 2003, Defendant, SUPERIOR, placed an ambulance at US Cellular Field and offered its medical and emergency transport services to the general public.

ANSWER: Defendant, SUPERIOR, admits that it placed an ambulance at US Cellular Field on September 7, 2003, but denies that it offered its medical and emergency services to the general public.

15. On September 7, 2003, Plaintiff was a patron at the aforementioned baseball game at US Cellular Field.

ANSWER: Defendant, SUPERIOR, admits the allegations of Paragraph 15.

16. At all times relevant, Plaintiff was a business invitee of the SOX.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16..

17. At all times relevant, and in particular on September 7, 2003, Plaintiff was under a disability as defined by the ADA, in that he suffered, and continues to suffer, from severe polio and post-polio induced paralysis in his abdomen, lower back and right leg, and is substantially limited in his ability to ambulate, stand upright and erect, and walk.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. On September 7, 2003, at or near the end of the aforementioned baseball game, Plaintiff, DEMAR, was sitting in a seat in the stands of US Cellular Field.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19. On September 7, 2003, at or near the end of the aforementioned baseball game, Plaintiff witnessed large crowds of people exiting the field, creating a long lines of patrons who were slowly exiting from the seating area of US Cellular Field.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. At all times relevant, Plaintiff was aware that the restroom facilities and elevators at US Cellular Field are not adequate to quickly accommodate the large crowds that gather at or near the end of baseball games at US Cellular Field. From past experience, Plaintiff believed that the crowds would dissipate and disburse within minutes, thereby allowing Plaintiff to use the

restroom and elevator facilities without Plaintiff being required, under his disability, to walk or stand upright and erect for long periods of time.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21. On September 7, 2003, at or near the end of the aforementioned baseball game, while Plaintiff was sitting in a seat in the stands of US Cellular Field, he was approached by UNKNOWN DEFENDANTS, at least six (6) security personnel employed by the SOX, AT YOUR SERVICE, and/or SDI as aforementioned (hereinafter referred to as "Defendants' security personnel" or "security personnel"), who then and there identified themselves as security demanded that Plaintiff immediately leave his seat and exit the facility.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. At said time and place, Plaintiff was exercising all due care and caution for his safety and security.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Plaintiff advised said security personnel that he was under a disability, that he had substantial difficulty walking and standing upright and erect, and that he had no desire to remain at US Cellular Field but that he needed to wait a short time for the crowds in the restroom and elevator facilities to dissipate. plaintiff explained to said security personnel that he would exit US Cellular Field immediately after using the restroom facility. Plaintiff's statements to Defendants' security personnel constituted actual notice to Defendants of his disability and request for reasonable accommodation as a result thereof.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. At the time of Plaintiff's initial contact and conversation with Defendants' security personnel, less than ten (10 minutes) had passed since the baseball game had ended. Plaintiff was not the last baseball fan in the park, and Plaintiff was not unreasonably extending his visit to US Cellular Field for reasons unrelated to his disability.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. At said time and place, on September 7, 2003, Defendants' security personnel without Plaintiff's authorization or consent, took possession of Plaintiff's walking cane and refused to immediately return it to Plaintiff, despite Plaintiff DEMAR's repeated demands that it be immediately returned, and despite DEMAR's explanation to said security personnel that he required his walking cane for assistance in walking, as a result of his disability.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. At said time and place, on September 7, 2003, Defendants' security personnel without Plaintiff's authorization or consent, surrounded, physically restrained, physically lifted and physically transported Plaintiff DEMAR's body by force from his seat at US Cellular Field.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. At said time and place, on September 7, 2003, Defendants' security personnel, without Plaintiff's authorization or consent, physically removed the disabled Plaintiff to the

Ground Level, where they brought him to a waiting ambulance operated by Defendant SUPERIOR.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of whether Defendants' security personnel physically removed Plaintiff, without Plaintiff's authorization, to the Ground Level. Defendant, SUPERIOR, admits the remaining allegations of Paragraph 27.

28. Upon information and belief, on September 7, 2003, Defendants' security personnel then and there directed the employees, medical personnel, driver and/or agents of Defendant SUPERIOR to transport the Plaintiff to a medical facility known as Mercy Hospital, located at 2525 S. Michigan Avenue, Chicago, Illinois 60616.

ANSWER: Defendant, SUPERIOR, admits the allegations of Paragraph 28.

29. At all relevant times, on September 7, 2003, Plaintiff DEMAR had no need or want of medical attention, treatment or care, but in fact repeatedly stated to Defendants' employees, personnel and agents that he was perfectly healthy except for his disability.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 29.

30. At all relevant times, on September 7, 2003, Plaintiff DEMAR never requested medical attention, treatment or care, but in fact repeatedly stated to Defendants' employees, personnel and agents that he specifically did not consent to unauthorized and unnecessary medical attention, treatment or care.

ANSWER: Defendant, SUPERIOR, admits that on September 7, 2003, Plaintiff DEMAR did not verbally request medical attention, treatment or care. Defendant, SUPERIOR, denies that on September 7, 2003, the Plaintiff repeatedly stated to SUPERIOR'S personnel and agents that he

specifically did not consent to medical attention, treatment or care and Defendant, SUPERIOR, denies any allegations of wrongful conduct.

31. On September 7, 2003, Defendant SUPERIOR, by and/or through its agents and/or employees, ambulance personnel, transported Plaintiff DEMAR by ambulance from US Cellular Field to Mercy Hospital.

ANSWER: Defendant, SUPERIOR, admits the allegations of Paragraph 31.

32. At all relevant times, on September 7, 2003, Defendant SUPERIOR, by and/or through its agents and/or employees, carried, transported, moved, handled and otherwise and physical contact with the Plaintiff's body, despite the fact that Plaintiff never consented, and expressly refused to consent, to any contact by Defendant SUPERIOR, or its agents and/or employees.

ANSWER: Defendant, SUPERIOR, admits that on September 7, 2003, by and through its agents and/or employees, that it transported the Plaintiff. Defendant, SUPERIOR, denies that on September 7, 2003, the Plaintiff expressly refused to consent to any contact by Defendant, SUPERIOR, or its agents and/or employees and denies all remaining allegations of Paragraph 32.

33. On September 7, 2003, Plaintiff DEMAR refused to be examined or treated by doctors and staff at Mercy Hospital, and was not examined or treated.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. On September 7, 2003, as a result of Defendants' aforementioned collective actions, Plaintiff was stranded nearly two (2) miles from US Cellular Field, where his vehicle remained parked.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 34.

35. On September 7, 2003, Plaintiff was forced to fend for himself in his return to US Cellular Field, where he was able to retrieve his vehicle and, finally, return home.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Thereafter, Plaintiff DEMAR received an ambulance bill from Defendant SUPERIOR for $441.38. Upon receipt of said invoice, Plaintiff contacted SUPERIOR repeatedly and demanded that they cease and desist in their attempts to collect for the unreasonable, unlawful and unnecessary transport by SUPERIOR of the Plaintiff that resulted in a violation of Plaintiff's federal and state rights, and in Plaintiff being stranded nearly two (2) miles from his vehicle and without need or want of medical attention or care.

ANSWER: Defendant, SUPERIOR, admits that it issued an invoice to Plaintiff DEMAR, in the amount of $415.50, for emergency medical services rendered on September 7, 2003. Defendant, SUPERIOR, further admits that after issuing said invoice to Plaintiff DEMAR, that Defendant, SUPERIOR, was contacted by Plaintiff DEMAR. Defendant, SUPERIOR, denies all other allegations of Paragraph 38.

37. Upon information and belief, Defendant SUPERIOR ignored Plaintiff's letters and demands, and has reported said amount to the national credit bureaus as being delinquent. Upon information and belief, Plaintiff's good credit and reputation have been damaged.

ANSWER: Defendant, SUPERIOR, denies that it ignored Plaintiff's letter, but admits that it reported Plaintiff DEMAR to a credit bureau as being delinquent on payment for emergency medical services rendered to Plaintiff on September 7, 2003. Defendant, SUPERIOR, is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37.

38. Defendant, the SOX, through its representative, responded to Plaintiff's allegations in writing, stated merely that Plaintiff's allegations were "exaggerated" and "inaccurate," but never denying that the incidents complained of herein occurred in substance and in fact.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39. As a result of Defendants' discriminatory and tortuous conduct, and their unwillingness to comply with the ADA, the Plaintiff DEMAR was forced to hire an attorney and file the instant lawsuit to deter the same conduct by the Defendants in the future, and to insure that no other individuals with disabilities are required to endure the severe embarrassment, emotional distress and discriminatory treatment that he endured.

ANSWER: Defendant, SUPERIOR, denies any allegations of wrongful conduct and further, denies the remaining allegations of Paragraph 39.

**COUNT I: VIOLATION OF THE ADA**
**(Robert DeMar v. The Chicago White Sox, Ltd. and CHISOX Corporation)**

40. Plaintiff hereby incorporates paragraphs 1 through 39 of this Complaint as paragraphs 1 through 39 of this Count I, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 40 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 40 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

41. As previously set forth, Plaintiff bases his claim in part on Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.*, and its implementing regulations.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 41 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 41 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

42. The Plaintiff is an individual who is keenly interested in and intends to attend another baseball game as US Cellular Field. However, in order to obtain full use and enjoyment of the SOX's public accommodations, Plaintiff seeks to enjoin Defendants' discriminatory conduct to prevent further harm.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 42 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 42 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

43. US Cellular Field, which includes establishments located within the ballpark, is a service, program, or activity within the meaning of 42 U.S.C. § 12132 and is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7) because its operations affect commerce, and the ballpark is a facility that includes a stadium, restaurants, bars, beverage and merchandise concession, clubs amusements, and media facilities, 42 U.S.C. §§ 12132, 12181(7)(b),(C), (E), 12182; 28 C.F.R. §§ 36.104.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 43 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To

the extent that any of the allegations of Paragraph 43 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

44. At all relevant times, Defendant, the SOX, had actual notice of Plaintiff's disability.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 44 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 44 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

45. At all relevant times, the Plaintiff advised Defendants, the SOX, that due to his disability he requested to remain seated for a matter of minute while waiting for the restroom facilities to become available. Plaintiff's statements to Defendants constituted a request for reasonable accommodation under the ADA.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 45 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 45 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

46. Plaintiff' requested accommodation was reasonable and necessary to ensure that Plaintiff would receive full and equal enjoyment of Defendants' places of public accommodation, to wit: access to the restroom facilities at the conclusion of the ballgame.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 46 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 46 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

47. Through their conduct described herein, Defendants, the SOX, discriminated against the Plaintiff on the basis of his disability, depriving him of the full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations in the Defendants' places of public accommodation. Accordingly, Defendants' actions and omissions violated 42 U.S.C. § 1218(a) and 42 U.S.C. § 12182(b)(1)(A)(I).

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 47 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 47 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

48. Through their conduct described herein, Defendants, the SOX, failed to make reasonable accommodations in policies, practices, and procedures, when such modifications were necessary to insure Defendants' services, facilities, privileges, advantages, and accommodations were available to the Plaintiff in the most integrated setting possible. Accordingly, Defendants the SOX violated 42 U.S.C. § 12182(b)(2)(a)(ii) and 42 U.S.C. § 12182 (b)(1)(B).

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 48 in Count I of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 48 in Count I could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

49. Defendants, the SOX, also violated Plaintiff's rights when they failed to remove architectural barriers in existing facilities or offer services in alternative settings, such as but not limited to providing adequate seating in a "waiting area" inside, outside or adjacent to the

restroom area for use by disabled persons such as Plaintiff, when it was readily achievable to do so. 28 C.F.R.36.304; 28 C.F.R. 36.305(b)(3).

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 49 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 49 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

50. Additionally, upon receiving actual notice of Plaintiff's disability and requested accommodation, at least four (4) of Defendants' security personnel surrounded the 72 year-old Plaintiff in order to coerce, intimidate, threaten or interfere with the Plaintiff's exercise or enjoyment of his right to reasonable accommodation under the ADA, and to coerce the Plaintiff to abandon his request for reasonable accommodation under the ADA and exit the facility immediately. The SOX Defendants' conduct was unlawful, in that it constituted retaliation, coercion and intimidation of the Plaintiff due to Plaintiff's objection to Defendants' discriminatory practice and refusal to accommodate him. 42 U.S.C. § 12203(b); 28 C.F.R. §36.206.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 50 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 50 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

51. Defendants, the SOX's, unlawful conduct and/or failures to act violated, and continue to violate, Plaintiff's federal statutory rights, under Title III of the ADA, to be free from discrimination on the basis of disability, "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182, *et. seq.*

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 51 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 51 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

52. Accordingly, the Plaintiff ROBERT DEMAR, sustained damages as a direct result of Defendants', the SOX's, actions, omissions, practices, policies and procedures, described above, which violated the ADA.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 52 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 52 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

**COUNT II: INJUNCTIVE RELIEF**
**(Robert DeMar v. The Chicago White Sox, Ltd. and CHISOX Corporation)**

53. The Plaintiff hereby incorporates paragraphs 1 through 52 of this Complaint as paragraphs 1 through 52 of this Count II, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 53 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 53 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

54. The Plaintiff reasonably expects to use the SOX's services, activities, facilities, privileges, advantages and public accommodations in the future, thus there is a real threat of future injury if the Defendants' discriminatory policies, practices, and procedures do not

immediately end. The threat is particularly great due to the fact that that SOX sponsor baseball games that are appealing to the Plaintiff. Accordingly, since the Plaintiff intends to attend baseball games at US Cellular Field in the future, it is necessary that the SOX's discriminatory practices end immediately to prevent further harm to the Plaintiff.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 54 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 54 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

55. As a result of the SOX's barriers, practices, policies and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to the Defendants' denial of his statutory rights. There are reasonable grounds to believe that Defendants will continue to engage in the acts and practices prohibited by the ADA. Consequently, injunctive relief is necessary to insure that Defendants comply with the law.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 55 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 55 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

56. Unless injunctive relief is granted, Plaintiff will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 56 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 56 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

57. In order to enforce his rights under the law, Plaintiff was forced to retain counsel and thus he is entitled to recovery attorney's fees, costs and expenses.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 57 in Count II of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 57 in Count II could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

**PENDENT STATE LAW CLAIMS**

**COUNT III: ASSAULT AND BATTERY**
**(Robert DeMar v. All Defendants)**

58. The plaintiff hereby incorporates paragraphs 1 through 57 of this Complaint as paragraphs 1 through 57 of this Count III, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 57, as contained in Counts I and II, as its answers to Counts 1 through 58 in Count III of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

59. The aforementioned actions of Defendants' employees and/or agents constituted an assault in that said employees and/or agents intentionally and unlawfully threatened physical injury, and/or caused Plaintiff to fear imminent physical injury, coupled with the apparent present ability of said employees and/or agents to effectuate said injury.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 59.

60. The aforementioned actions of Defendants' agents and/or employees against Plaintiff constituted a battery in that said employees and/or agents intended to cause harmful and/or offensive contact with Plaintiff without Plaintiff's consent, and that a harmful and/or offensive contact resulted.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 60.

61. The aforementioned actions of Defendants' agents and/or employees against Plaintiff constituted affirmative acts intended to threaten and cause unpermitted contact to the Plaintiff.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 61.

62. Defendants, through their agents and/or employees, had a duty to refrain from committing an unlawful assault and battery upon Plaintiff.

ANSWER: Defendant, SUPERIOR, admits only those duties imposed by Illinois law and denies all allegations of Paragraph 62 inconsistent therewith.

63. Defendants, through their agents and/or employees breached their duty to Plaintiff by committing said assault and battery upon Plaintiff.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 63.

64. As a direct and proximate result of the Defendants' foregoing acts and/or omissions, Plaintiff suffered personal and pecuniary damages, and was prevented from engaging in his ordinary affairs and duties.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 64 and further denies that the Plaintiff was injured in the manner or to the extent alleged.

65. Defendants are responsible for Plaintiff's damages and injuries caused by their employees and/or agents due to the fact that said wrongful actions were committed with actual or apparent authority of Defendants.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 65.

**COUNT IV: FALSE IMPRISONMENT**
**(Robert DeMar v. All Defendants)**

66. The Plaintiff hereby incorporates paragraphs 1 through 65 of this Complaint as paragraphs 1 through 65 of this Court IV, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 65, as contained in Counts I through III, as its answers to Counts 1 through 66 in Count IV of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

67. At all times relevant, on September 7, 2003, the Defendants, by and through their agents and/or employees, unlawfully, physically and under the threat of force, restrained, detained and confined the Plaintiff.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 67.

68. At all times relevant, on September 7, 2003, the Plaintiff did not strike or initiate any contact with Defendants' employees and/or agents.

ANSWER: Defendant, SUPERIOR, admits that Plaintiff did not strike its agents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68.

69. At all times relevant, on September 7, 2003, the Plaintiff offered no resistance to the unlawful actions by Defendants' employees and/or agents.

ANSWER: Defendant, SUPERIOR, denies that it committed any unlawful action. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69.

70. At all times relevant, on September 7, 2003, the Plaintiff never consented to any of the foregoing acts.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 70.

71. At all times relevant, on September 7, 2003, the Defendants, by and through their agents and/or employees, did not have reasonable cause to detain the Plaintiff in the manner set forth herein.

ANSWER: Defendant, SUPERIOR, denies that it detained plaintiff on September 7, 2003. Defendant, SUPERIOR, makes no response to the remainder of the allegations of Paragraph 71 as these remaining allegations are not directed against this Defendant. To the extent that any of remaining allegations of Paragraph 71 could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

72. At all times relevant, on September 7, 2003, the Defendants' agents and/or employees were acting within the scope of their employment by Defendants, and were acting with the authority vested upon them by Defendants.

ANSWER: Defendant, SUPERIOR, is without knowledge or information sufficient to form a belief as to the truth of whether on September 7, 2003, the agents and/or employees of Defendants, THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION, AT YOUR SERVICE, INC., AT YOUR SERVICE, L.L.C., SDI SECURITY, INC. and OTHER UNKNOWN DEFENDANTS, were acting within the scope of their employment and were acting with the authority vested upon them by Defendants. Defendant, SUPERIOR, admits that its agents were acting within the scope of their employment when they provided transport, care and treatment to the plaintiff and performing acts necessary to same. Defendant denies all remaining allegations of Paragraph 72.

73. At all times relevant, on September 7, 2003, the Defendants' agents and/or employees were acting in furtherance of the business of Defendants.

ANSWER: Defendant, SUPERIOR, admits that its employees were acting in furtherance of its business while providing transport, care and treatment to the Plaintiff and performing acts necessary to same. Defendant denies all remaining allegations of Paragraph 73.

74. As a direct and proximate result of the false imprisonment by Defendants' agents and/or employees, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER: Defendant, SUPERIOR, denies the allegations of Paragraph 74.

**COUNT V: NEGLIGENCE**
**(Robert DeMar v. The Chicago White Sox, Ltd., CHISOX Corporation, At Your Service, Inc., At Your Service, L.L.C., and SDI Security)**

75. The Plaintiff hereby incorporates paragraphs 1 through 74 of this Complaint as paragraphs 1 through 74 of this Count V, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph in Count V of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 75 in Count V could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

76. At all times relevant, Defendants had a duty to the public, generally, and the Plaintiff, specifically, to exercise reasonable and proper care in the selection, retention, discipline, evaluation, supervision and termination of their employees and personnel.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 76 in Count V of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To

the extent that any of the allegations of Paragraph 76 in Count V could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

77. At all times relevant, Defendants had a duty to exercise reasonable care for the safety of patrons at the aforesaid baseball game.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 77 in Count V of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 77 in Count V could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

78. At all times relevant, Defendants breached the foregoing duty and was negligent in one or more of the following respects, in that they:

1. negligently, carelessly, improperly and unreasonably allowed their employees involved in the acts recited herein to continue in their duties as employees when they knew or in the exercise of reasonable care, should have known, that the persons they employed had a propensity to engage in violent behavior;

2. negligently, carelessly, improperly and unreasonably failed to properly train Defendants' partners, agents and/or employees in crowd safety and control policies and procedures;

3. negligently, carelessly, improperly and unreasonably failed to properly supervise the persons they employed;

4. negligently, carelessly, improperly, and unreasonably failed to properly evaluate the persons they employed;

5. negligently, carelessly, improperly and unreasonably failed to stop and/or halt the acts taken against the Plaintiff by the persons they employed;

6. negligently, carelessly, improperly and unreasonably permitted their employees to confront, detain and remove the Plaintiff when they knew or should have known it would not be done properly;

7. negligently, carelessly, improperly and unreasonably failed to implement adequate response plans and procedures for occurrences and/or patrons having unwanted contact with Defendants' personnel; and

8. negligently, carelessly, improperly and unreasonably failed to control, monitor and prevent their employees, partners, and/or agents from causing bodily harm, injury and distress to the Plaintiff.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 78, including sub-paragraphs (1) through (8) contained therein, in Count V of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 78 in Count V could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

79. As a direct and proximate result of one ore more of the foregoing acts or omissions by Defendants, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 79 in Count V of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 79 in Count V could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

**COUNT VI: NEGLIGENCE**
**(Robert DeMar v. Superior Air-Ground Ambulance Services, Inc. )**

80. The Plaintiff hereby incorporates paragraphs 1 through 79 of this Complaint as paragraphs 1 through 79 of this Count VI, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 79, as contained in Counts I through V, as its answers to Counts 1 through 80 in Count VI of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

81. At all times relevant, Defendant had a duty to the public, generally, and the Plaintiff, specifically, to exercise reasonable and proper care in the selection, retention, discipline, evaluation, supervision and termination of their employees and personnel.

ANSWER: Defendant, SUPERIOR, admits only those duties imposed by Illinois law and denies all allegations of Paragraph 81 inconsistent therewith.

82. At all times relevant, Defendant had a duty to exercise reasonable care for the safety and security of persons who presented and/or arrive at Defendant's ambulance for medical treatment.

ANSWER: Defendant, SUPERIOR, admits only those duties imposed by Illinois law and denies all allegations of Paragraph 82 inconsistent therewith.

83. At all times relevant, Defendant breached the foregoing duty and was negligent in one or more of the following respects, in that they:

1. negligently, carelessly, improperly and unreasonably allowed their employees involved in the acts recited herein to continue in their duties as employees when they knew or in the exercise of reasonable care, should have known, that the persons they employed had a propensity to engage in violent behavior;

2. negligently, carelessly, improperly and unreasonably failed to properly train Defendants' partners, agents and/or employees in crowd safety and control policies and procedures;

3. negligently, carelessly, improperly and unreasonably failed to properly supervise the persons they employed;

4. negligently, carelessly, improperly, and unreasonably failed to properly evaluate the persons they employed;

5. negligently, carelessly, improperly and unreasonably failed to stop and/or halt the acts taken against the Plaintiff by the persons they employed;

6. negligently, carelessly, improperly and unreasonably permitted their employees to forcibly restrain and remove the Plaintiff to Mercy Hospital;

7. negligently, carelessly, improperly and unreasonably failed to implement adequate response plans and procedures for occurrences and/or persons having unwanted contact with Defendants' personnel; and

8. negligently, carelessly, improperly and unreasonably failed to control, monitor and prevent their employees, partners, and/or agents from causing bodily harm, injury and distress to the Plaintiff.

ANSWER: Defendant, SUPERIOR, denies the legal conclusions and allegations of Paragraph 83, including the allegations of sub-paragraphs (1) through (8) contained therein.

84. As a direct and proximate result of one ore more of the foregoing acts or omissions by Defendant, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER: Defendant, SUPERIOR, denies the legal conclusions and allegations of Paragraph 84.

**COUNT VII: NEGLIGENCE**
**(Robert DeMar v. Unknown Defendants – Individuals)**

85. Thee Plaintiff hereby incorporates paragraphs 1 through 84 of this Complaint as paragraphs 1 through 85 of this Count VII, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 84, as contained in Counts I through VI, as its answers to Counts 1 through 85 in Count VII of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

86. At all times relevant, the Unknown Defendants had a duty to public, generally, and the Plaintiff, specifically, to exercise reasonable and appropriate care and precaution commensurate with their positions, respectively, as a security personnel and ambulance personnel.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 86 in Count VII of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 86 in Count VII could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

87. At all times relevant, the Unknown Defendants had a duty to exercise reasonable care for the safety of patrons at the aforesaid baseball game and directly outside US Cellular Field.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 87 in Count VII of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 87 in Count VII could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

88. At all times relevant, the Unknown Defendants breached the foregoing duty and were negligent in one or more of the following respects, in that they:

1. negligently, carelessly, improperly and unreasonably failed to use proper care by grabbing, pushing, lifting, carrying, dragging, and detaining the plaintiff;

2. using unreasonable force by detaining the plaintiff;

3. they improperly and unreasonably detained the plaintiff thereby restraining his freedom;

4. they unreasonably failed to stop other security personnel of Defendants from hitting, grabbing, pushing, lifting, carrying, and dragging the plaintiff;

5. they unreasonably failed to stop other security personnel of Defendants from unreasonably detaining the plaintiff;

6. the security personnel defendants directed or allowed the false imprisonment of plaintiff by agents and/or employees of Defendants the SOX, AT YOUR SERVICE, and/or SDI;

7. the security personnel defendants directed or allowed the false imprisonment of plaintiff by Defendant SUPERIOR; AND

8. the ambulance personnel defendants unreasonably failed to request, obtain or require the consent of Plaintiff prior to restraining Plaintiff and transporting Plaintiff to Mercy Hospital against his will and without medical justification.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 88, including sub-paragraphs (1) through (8) contained therein, in Count VII of Plaintiff's First Amended

Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 88 in Count VII could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

89. As a direct and proximate result of one or more of the foregoing acts or omission by Defendants, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER: Defendant, SUPERIOR, makes no response to Paragraph 89 in Count VII of Plaintiff's First Amended Complaint, as this Paragraph is not directed against this Defendant. To the extent that any of the allegations of Paragraph 89 in Count VII could be construed against Defendant, SUPERIOR, these allegations are expressly denied.

**COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Robert DeMar v. All Defendants)**

90. The Plaintiff incorporates paragraphs 1 through 89 of this Complaint as paragraphs 1 through 89 of this Count VIII, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 89, as contained in Counts I through VII, as its answers to Counts 1 through 90 in Count VIII of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

91. As a direct and proximate result of one ore more of the foregoing acts or omission by Defendants, the Plaintiff experienced a direct impact to his body.

ANSWER: Defendant, SUPERIOR, denies the legal conclusions and allegations of Paragraph 91 and further denies that the Plaintiff DEMAR was injured in the manner or to the extent alleged.

92. As a direct and proximate result of one or more of the foregoing acts or omission by Defendants, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER: Defendant, SUPERIOR, denies the legal conclusions and allegations of Paragraph 92 and further denies that the Plaintiff DEMAR was injured in the manner or to the extent alleged.

**COUNT IX: RESPONDEAT SUPERIOR**
**(Robert DeMar v. All Defendants)**

93. The Plaintiff hereby incorporates paragraphs 1 through 92 of this Complaint as paragraphs 1 through 92 of this Count IX, as though fully set forth herein.

ANSWER: Defendant, SUPERIOR, re-alleges and incorporates its answers to Paragraphs 1 through 92, as contained in Counts I through VIII, as its answers to Counts 1 through 93 in Count IX of Plaintiff's First Amended Complaint at Law, as though fully set forth herein.

94. At all times relevant, each of the Defendants was vicariously liable for the actions of the agents and employees they employed, including unknown security guards and unknown paramedics and ambulance drivers, respectively.

ANSWER: Defendant, SUPERIOR, denies any wrongful conduct and denies that it is vicariously liable in respondeat superior for any alleged wrongful conduct.

**AFFIRMATIVE DEFENSES**

Defendant, SUPERIOR, pleading in the alternative and without prejudice to its prior denials, sets forth the following affirmative defenses:

**I. FAILURE TO STATE A CLAIM**

As a first, separate and affirmative defense to the allegations of the Complaint, it is alleged that the Complaint fails to state a cause of action upon which relief can be granted.

**II. CONTRIBUTORY WILLFUL AND WANTON CONDUCT**

As a second, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, was guilty of contributory willful and wanton conduct at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he intentionally and recklessly refused to verbally communicate with the agents and/or employees of Defendant, SUPERIOR, and intentionally and recklessly refused to answer any and all questions posed by Defendant, SUPERIOR'S, agents and/or employees at the time and place aforesaid.

**III. FAILURE TO MITIGATE**

As a third, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, failed to mitigate his damages at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he failed to provide information to the paramedics, treating physicians and nurses at Mercy Hospital concerning his medical condition on September 7, 2003 and voluntarily left Mercy Hospital on September 7, 2003 and proceeded to walk back, on his own, to US Cellular Field prior to being discharged from Mercy Hospital.

## IV. EMERGENCY MEDICAL SERVICES SYSTEMS ACT ("EMS ACT")

As a fourth, separate and affirmative defense to the allegations contained in the Complaint, it is alleged that the provisions of 210 ILCS 50/3.150, commonly referred to as the EMS Act, bar Plaintiff's claims under the theories of negligence and negligent infliction of emotional distress. The EMS Act excuses licensed emergency medical service providers and emergency medical personnel from negligent acts or omissions committed during the normal course of conducting their duties, in good faith, during an emergency, non-emergency or a department approved training course, without regard to whether those services are emergency medical services or non-emergency medical services.

## V. CONTRIBUTORY NEGLIGENCE

As a fifth, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, was guilty of contributory negligence at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he refused to verbally communicate with the agents and/or employees of Defendant, SUPERIOR, and refused to answer any and all questions posed by Defendant, SUPERIOR'S, agents and/or employees at the time and place aforesaid.

## VI. CONSENT

As a sixth, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, consented to the treatment rendered to him on September 7, 2003 by the agents and/or employees of Defendant, SUPERIOR.

**JURY DEMAND**

Defendant, Superior Air-Ground Ambulance Service, Inc., pursuant to Rule 38(b) hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 4TH day of November, 2005.

RESPECTFULLY SUBMITTED,
SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC

BY: /s/Summer E. Heil, Attorney

Jeffrey H. Lipe
Summer E. Heil
Brigitte C. Brady
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Superior Air-Ground Ambulance
20 North Wacker Drive, Suite 2100
Chicago, IL 60606-3094
312-443-3216
Fax: 312-630-8500

**CERTIFICATE OF SERVICE**
**OF DEFENDANT SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel listed on the attached service list.

I hereby certify that on February 21, 2006, I served said Answer to Plaintiff's First Amended Complaint at Law by placing same in the U.S. Mail at 20 North Wacker Drive, Chicago, Illinois 60606 before the hour of 5:00 p.m.

/s/Summer E. Heil, Attorney

Jeffrey H. Lipe (06185734)
Summer E. Heil (6226177)
Brigitte C. Brady (6278696)
Williams Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

SERVICE LIST

ATTORNEYS FOR PLAINTIFF

Matthew T. Martell
Law Office of Matthew T. Martell
7557 West 63rd Street
Summit, IL 60501
(708)924-9000
Fax: (708) 924-9004

ATTORNEYS FOR CHICAGO WHITE SOX

Robert T. Shannon
James C. Vlahakis
Chad Kason
Hinshaw & Culbertson
222 North LaSalle Street
Chicago, IL 60601
312-704-3000
Fax: 312-704-3001