# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DEMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| THE CHICAGO WHITE SOX, LTD., | ) | Judge Der-Yeghayan |
| CHISOX CORPORATION, a corporation, | ) | |
| AT YOUR SERVICE, INC., a corporation, | ) | |
| AT YOUR SERVICE, L.L.C. SDI | ) | 05 cv 5093 |
| SECURITY, INC., a corporation, | ) | |
| SUPERIOR AIR-GROUND | ) | |
| AMBULANCE SERVICE, INC., a | ) | |
| corporation, and OTHER UNKNOWN) | ) | |
| DEFENDANTS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

NOW COME the DEFENDANTS, THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION and AT YOUR SERVICE, L.L.C., by and through their undersigned attorneys, and for their Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint at Law, state as follows:

1.    Plaintiff brings this action against Defendants pursuant to Title III of the Americans with Disabilities Act of 1990,42 U.S.C. § 12181, et. seq. ("ADA"), for Defendants' violations of the ADA, and Illinois state law for Defendants' assault, battery, and false imprisonment of Plaintiff.

**ANSWER:**    Defendants admit that plaintiff purports to bring such claims but deny that he states any legally cognizable cause of action, and deny that they committed any unlawful acts.

6029085v1 858400

Dockets.Justia.com

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

**ANSWER:**      Defendants admit that this Court had jurisdiction to consider properly filed claims brought under the ADA, but maintain their argument that plaintiff's claims amount to tort allegations under Illinois state law.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

**ANSWER:**      Defendants admit the allegations in this paragraph, but deny any wrongful conduct.

## PARTIES

4.      Plaintiff ROBERT DEMAR (hereinafter sometimes referred to as "DEMAR") is a citizen of the United States and a resident of the City of Chicago, State of Illinois.  Plaintiff is an individual with a physical impairment that substantially interferes with one or more of his major life activities, including walking. At all relevant times, Plaintiff was protected under 42 U.S.C. § 12181, *et. seq.*

**ANSWER:**      Defendants are without information or knowledge sufficient to either admit or deny the allegations contained within this paragraph, and they are therefore deemed denied.

5.      On and before September 7,2003, THE CHICAGO WHITE SOX, LTD. was a general partner with CHISOX CORPORATION (hereinafter collectively referred to as" SOX"). On and before September 7, 2003, the SOX leased, operated, managed, maintained and controlled the premises known as US Cellular Field, which is located at 333 West 35" Street, City of Chicago, County of Cook, State of Illinois (hereinafter also referred to as the "ballpark"). During major league baseball games and other public events, US Cellular Field is a place of public accommodation under the ADA and Defendants are thus prohibited from discriminating on the basis of disability. See 42 U.S.C. 12182(a); 42 U.S.C. 12181(7); 28 C.F.R. Pt. 36, App. B

2

at 585; Title III Technical Assistance Manual III-1.2000(D)(1994 Supp.)(Add. 5); and 42 U.S.C.

12182(b)(1)(E).

ANSWER:     Defendants admit that ChiSox is a corporate general partner with Chicago White Sox, Ltd., but deny that ChiSox has any operation or management role at U.S. Cellular Field.  Further answering, defendants admit that the Chicago White Sox, Ltd. undertakes an operational and management role at U.S. Cellular Field during the Major League Baseball games played at that ballpark.  Further answering, defendants admit that during major league baseball games, US Cellular Field is a place of public accommodation under the ADA, but deny that these allegations represent a true and complete recitation of the Act's provisions and deny any unlawful derivative conduct.  Defendants deny each and every remaining allegation of this paragraph as stated, to the extent they are inconsistent with the above.

6.     On and before September 7, 2003, AT YOUR SERVICE, INC. and AT YOUR

SERVICE, L.L.C. (hereinafter collectively referred to as "AT YOUR SERVICE"), entered into

an agreement with Defendants, the SOX, whereby it became an employee, servant and/or agent

of the SOX, to provide planning and staffing for baseball games at US Cellular Field, including

but not limited to security and crowd control services.

ANSWER:     Defendants admit only that on the date in question an agreement existed between At Your Service, LLC and the Chicago White Sox, Ltd. whereby At Your Service provided guest services at the ballpark during Major League Baseball games played at the ballpark, and admit that these services included security at certain locations.  Further answering, defendants deny the remaining allegations as stated in this paragraph to the extent they are inconsistent with the above.

7.     On and before September 7, 2003, SDI SECURITY, INC. (hereinafter referred to

as "SDI") entered into an agreement with Defendants, the SOX, whereby it became an employee,

servant and/or agent of the SOX, to provide security services at US Cellular Field.

ANSWER:     Defendants admit only that on the date in question an agreement existed between SDI Security, Inc., and the Chicago White Sox, Ltd. whereby SDI Security, Inc. provided security services at certain locations at the ballpark during Major League Baseball games played at the ballpark.  Further answering, defendants deny the remaining allegations as stated in this paragraph to the extent they are inconsistent with the above.

3

8.      On and before September 7, 2003, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC. (hereinafter referred to as "SUPERIOR") was a provider of emergency medical services and transportation, with an ambulance on-site at US Cellular Field.

**ANSWER:**      Defendants admit that on the date in question, Superior provided "stand by" emergency medical services and transportation, with an ambulance on site at US Cellular Field, and deny the remaining allegations to the extent they are inconsistent with the above.

9.      On and before September 7, 2003, OTHER UNKNOWN DEFENDANTS (hereinafter referred to as "UNKNOWN DEFENDANTS", "security personnel", or "ambulance personnel") were acting in the scope of their employment, as security personnel and/or ambulance personnel, with actual and apparent authority of the named Defendants, whose names and identities are presently unknown to Plaintiff.

**ANSWER:**      Defendants deny the allegations in this paragraph as stated.

## STATEMENT OF FACTS

10.      On and before September 7, 2003, Defendant, the SOX, leased, operated, managed, maintained and controlled the premises known as US Cellular Field, which is located at 333 West 35th Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**      Defendants admit that on and before September 7, 2003 the Chicago White Sox, Ltd. undertook an operational and management role at U.S. Cellular Field during the Major League Baseball games played at that ballpark, which is located at 333 West 35th Street, Chicago, Illinois.  Defendants deny each and every remaining allegation of this paragraph as stated, to the extent they are inconsistent with the above.

11.      On and before September 7, 2003, the SOX controlled, permitted, planned and coordinated a baseball game at US Cellular Field.

**ANSWER:**      Defendants admit that on and before September 7, 2003 the Chicago White Sox, Ltd. undertook an operational and management role at U.S. Cellular Field during the Major League Baseball games scheduled to be played at that ballpark., and admit that a major league baseball game was played at the ballpark on September 7, 2003. Defendants deny each and every remaining allegation of this paragraph as stated, to the extent they are inconsistent with the above.

4

12.     On September 7, 2003, Defendant, AT YOUR SERVICE, controlled, trained, planned, monitored and coordinated security and crowd control services and personnel for the baseball game.

ANSWER:     Defendants admit that on the date in question At Your Service LLC provided guest services at the ballpark, and admit that these services included security and crowd control at certain locations.

13.     On September 7, 2003, Defendant, SDI, controlled, trained, planned, monitored and coordinated security and crowd control services and personnel for the baseball game.

ANSWER:     Defendants admit that on the date in question SDI Security, Inc. provided security and crowd control services at certain locations at the ballpark.

14.     On September 7, 2003, Defendant, SUPERIOR, placed an ambulance at US Cellular Field and offered its medical and emergency transport services to the general public

ANSWER:     Defendants admit that Superior placed an ambulance at US Cellular Field on September 7, 2003, but deny that it offered medical and emergency services to the general public.

.

15.     On September 7, 2003, Plaintiff was a patron at the aforementioned baseball game at US Cellular Field.

ANSWER:     Defendants admit the allegations.

16.     At all times relevant, Plaintiff was a business invitee of the SOX.

ANSWER:     Defendants admit the allegations as they relate to Chicago White Sox, Ltd. only.

6029085v1 858400

17.    At all times relevant, and in particular on September 7, 2003, Plaintiff was under a disability as defined by the ADA, in that he suffered, and continues to suffer, from severe polio and post-polio induced paralysis in his abdomen, lower back and right leg, and is substantially limited in his ability to ambulate, stand upright and erect, and walk.

**ANSWER:**    Defendants are without information or knowledge sufficient to either admit or deny the allegations contained within this paragraph, and they are therefore deemed denied.

18.    On September 7, 2003, at or near the end of the aforementioned baseball game, Plaintiff, DEMAR, was sitting in a seat in the stands of US Cellular Field.

**ANSWER:**    Defendants are without information or knowledge sufficient to either admit or deny the allegations contained within this paragraph, and they are therefore deemed denied.

19.    On September 7, 2003, at or near the end of the aforementioned baseball game, Plaintiff witnessed large crowds of people exiting the field, creating long lines of patrons who were slowly exiting from the seating area of US Cellular Field.

**ANSWER:**    Defendants are without information or knowledge sufficient to either admit or deny the allegations of what plaintiff believes he witnessed, and they are therefore deemed denied.  Further answering, defendants specifically deny that large crowds exited the field and deny, as stated, that long lines of slow moving patrons were created as a result, and deny any resulting violation of either state or federal law on the part of the plaintiff.

20.    At all times relevant, Plaintiff was aware that the restroom facilities and elevators at US Cellular Field are not adequate to quickly , accommodate the large crowds that gather at or near the end of baseball games at US Cellular Field. From past experience, Plaintiff believed that the crowds would dissipate and disburse within thereby allowing Plaintiff to use the restroom and elevator facilities without Plaintiff being required, under his disability, to walk or stand upright and erect for long periods of time.

**ANSWER:**    Defendants are without information or knowledge sufficient to either admit or deny the allegations relative to plaintiff's "awareness," his "beliefs" or his

6029085v1 858400

alleged disability, and they are therefore deemed denied. Further answering, deny all remaining allegations and specifically deny that large crowds restricted or burdened use of restroom facilities at any time, deny that adequate accommodations were not afforded at all times, deny any resulting violation of either state or federal law on the part of the plaintiff.

21.    On September 7, 2003, at or near the end of the aforementioned baseball game, while Plaintiff was sitting in a seat in the stands of US Cellular Field, he was approached by UNKNOWN DEFENDANTS, at least six (6) security personnel employed by the SOX, AT YOUR SERVICE, and/or SDI as aforementioned (hereinafter referred to as "Defendants' security personnel" or "security personnel"), who then and there identified themselves as security demanded that Plaintiff immediately leave his seat and exit the facility.

**ANSWER:**    Defendants admit that on that date plaintiff remained in a ballpark seat after the conclusion of the baseball game, refused to leave this seat well after the conclusion of the baseball game, and that he was approached by several At Your Service LLC security staff which properly identified themselves. Further answering, defendants deny each and every remaining allegations as stated and deny any unlawful conduct.

22.    At said time and place, Plaintiff was exercising all due care and caution for his safety and security.

**ANSWER:**    Defendants are without information or knowledge sufficient to either admit or deny the allegations contained within this paragraph, and they are therefore deemed denied.

23.    Plaintiff advised said security personnel that he was under a disability, that he had substantial difficulty standing upright and erect, and that he had no desire to remain at US Cellular Field but that he needed to wait a short time for the crowds in the restroom and elevator facilities to dissipate. Plaintiff explained to said security personnel that he would exit US Cellular Field immediately after using the restroom facility. Plaintiffs statements to Defendants' security personnel constituted actual notice to Defendants of his disability and request for reasonable accommodation as a result thereof.

**ANSWER:**    Defendants deny the allegations as stated, and deny any unlawful conduct.

6029085v1 858400

24.     At the time of Plaintiffs initial contact and conversation with Defendants' security personnel, less than ten (10) minutes had passed since the baseball game had ended. Plaintiff was not the last baseball fan in the park, and Plaintiff was not unreasonably extending his visit to US Cellular Field for reasons unrelated to his disability.

ANSWER:     Defendants are without information or knowledge sufficient at this time to admit or deny whether plaintiff was the last fan located in the "ballpark" facility generally, and this allegation is therefore deemed denied.  Further answering, defendants deny the remaining allegations as stated and deny any unlawful conduct.

25.     At said time and place, on September 7, 2003, Defendants' security personnel without Plaintiff's authorization or consent, took possession of Plaintiffs walking cane and refused to immediately return it to Plaintiff, despite Plaintiff DEMAR's repeated demands that it be immediately returned, and despite DEMAR's explanation to said security personnel that he required his walking cane for assistance in walking, as a result of his disability.

ANSWER:     Defendants deny the allegations as stated, and deny any unlawful conduct.

26.     At said time and place, on September 7, 2003, Defendants' security personnel without Plaintiffs authorization or consent, surrounded, physically restrained, physically lifted and physically transported Plaintiff DEMAR's body by force from his seat at US Cellular. Field.

ANSWER:     Defendants admit only that on that day plaintiff was lawfully transported from the seat in which he was sitting, but deny that it occurred less than ten (10) minutes after the end of the baseball game and deny all other remaining allegations as stated to the extent they are inconsistent with the above.  Further answering, defendants deny any unlawful conduct.

6029085v1 858400

27.    At said time and place, on September 7, 2003, Defendants' security personnel, without Plaintiffs authorization or consent, physically removed the disabled Plaintiff to the Ground Level, where they brought him to awaiting ambulance operated by Defendant SUPERIOR.

**ANSWER:**    Defendants admit only that on September 7, 2003 plaintiff was lawfully transported from the seat in which he was sitting, and that he was subsequently presented to an ambulance operated by Superior Air Ground Ambulance Service, Inc., but deny that this occurred less than ten (10) minutes after the end of the baseball game and deny all other remaining allegations as stated to the extent they are inconsistent with the above. Further answering, defendants deny any unlawful conduct.

28.    Upon information and belief, on. September 7, 2003, Defendants' security personnel then and there directed the employees, medical personnel, driver and/or agents of Defendant SUPERIOR to transport the Plaintiff to a medical facility known as Mercy Hospital, located at 2525 S. Michigan Avenue, Chicago, Illinois 60616.

**ANSWER:**    Defendants admit that plaintiff was presented to the ambulance operated by Superior Air Ground Ambulance Service, Inc., personnel, and that he was subsequently transported to Mercy Hospital but deny the remaining allegations as currently stated in this paragraph. Further answering, defendants deny any unlawful conduct.

29.    At all relevant times, on September 7, 2003, Plaintiff DEMAR had no need or want of medical attention, treatment or care, but in fact repeatedly stated to Defendants' employees, personnel and agents that he was perfectly healthy except for his disability.

**ANSWER:**    Defendants deny the allegations as stated.

30.    At all relevant times, on September 7, 2003, Plaintiff DEMAR never requested medical attention, treatment or care, but in fact repeatedly stated to Defendants' employees, personnel and agents that he specifically did not consent to unauthorized and unnecessary medical attention, treatment or care.

**ANSWER:**    Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

6029085v1 858400

31.     On September 7, 2003, Defendant SUPERIOR, by and/or through its agents and/or employees, ambulance personnel, transported Plaintiff DEMAR by ambulance from US Cellular Field to Mercy Hospital.

**ANSWER:**     Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

32.     At all relevant times, on September 7, 2003, Defendant SUPERIOR, by and/or through its agents and/or employees, carried, transported, moved, handled and otherwise had physical contact with the Plaintiff's body, despite the fact that Plaintiff never consented, and expressly refused to consent, to any contact by Defendant SUPERIOR, or its agents and/or employees.

**ANSWER:**     Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

33.     On September 7, 2003, Plaintiff DEMAR refused to be examined or treated by doctors and staff at Mercy Hospital, and was not examined or treated.

**ANSWER:**     Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

34.     On September 7,2003, as a result of Defendants' aforementioned collective actions, Plaintiff was stranded nearly two (2) miles from US Cellular Field, where his vehicle remained parked.

**ANSWER:**     Defendants deny the allegations as stated, and deny any unlawful conduct.

35.     On September 7, 2003, Plaintiff was forced to fend for himself in his return to US Cellular Field, where be was able to retrieve his vehicle and, finally, return home.

**ANSWER:**     Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

6029085v1 858400

36.     Thereafter, Plaintiff DEMAR received an ambulance bill from Defendant SUPERIOR for $441.38. Upon receipt of said invoice, Plaintiff contacted SUPERIOR repeatedly and demanded that they cease and desist in their attempts to collect for the unreasonable, unlawful and unnecessary transport by SUPERIOR of the Plaintiff that resulted in a violation of Plaintiff's federal and state rights, and in Plaintiff being stranded nearly two (2) miles from his vehicle and without need or want of medical attention or care.

**ANSWER:**     Defendants deny that plaintiff suffered any violation under either state or federal law, and are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

37.     Upon information and belief, Defendant SUPERIOR ignored Plaintiff's letters and demands, and has reported said amount to the national credit bureaus as being delinquent. Upon information and belief, Plaintiffs good credit and reputation have been damaged.

**ANSWER:**     Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

38.     Defendant, the SOX, through its representative, responded to Plaintiff's allegations in writing, stating merely that Plaintiffs allegations were "exaggerated" and "inaccurate," but never denying that the incidents complained of herein occurred in substance and in fact.

**ANSWER:**     Defendants deny that plaintiff states any legally cognizable cause of action, denies that he suffered any violation under either state or federal law and denies the allegations in this paragraph represent a true and accurate depiction.

6029085v1 858400

39.    As a result of Defendants' discriminatory and tortious conduct, and their unwillingness to comply with the ADA, the Plaintiff DEMAR was forced to hire an attorney and file the instant lawsuit to deter the same conduct by the Defendants in the future, and to insure that no other individuals with disabilities are required to endure the severe embarrassment, emotional distress and discriminatory treatment that he endured.

ANSWER:    Defendants deny the allegations, and deny any unlawful conduct.

## COUNT 1: VIOLATION OF THE ADA

### (Robert DeMar v. The Chicago White Sox, Ltd. and '.CJHISOX Corporation)

40.    Plaintiff hereby incorporates paragraphs 1 through 39 of this Complaint as paragraphs 1 through 39 of this Count I, as though fully set forth herein.

ANSWER:    Defendants hereby incorporate the their responses to paragraphs 1 through 39 as though fully set forth herein.

41.    As previously set forth, Plaintiff bases his claim in part on Title III of the Americans with Disabilities Act (`ADA"), 42 U.S.C. § 12181, et. seq., and its implementing regulations.

ANSWER:    Defendants admit that plaintiff purports to bring such a claim by deny that he states any legally cognizable cause of action.

42.    The Plaintiff is an individual who is keenly interested in and intends to attend another baseball game at US Cellular Field.  However, in order to obtain full use and enjoyment of the SOX's public accommodations, Plaintiff seeks to enjoin Defendants' discriminatory conduct to prevent further harm.

ANSWER:    Defendants admit that plaintiff purports to enjoin conduct but deny that he states any legally cognizable cause of action and deny that they engaged in any discriminatory or unlawful conduct at any time.  Further answering, defendants are without knowledge or information sufficient to either admit or deny the remaining allegations in this paragraph, and they are therefore deemed denied.

12

43.    US Cellular Field, which includes establishments located within the ballpark, is a service, program, or activity within the meaning of 42 U.S.C. § 12132 and is a place of public accommodation. within the meaning of 42 U.S.C. § 12181(7) because its operations affect commerce, and the ballpark is a facility that includes a stadium, restaurants, bars, beverages and merchandise concessions, clubs, amusements, and media facilities, 42 U.S.C. §§ 12132, 12181(7)(B), (C), (E), 12182; 28 C.F.R. §§ 36.104.

    **ANSWER:**    Defendants make no answer to the legal conclusions contained within this paragraph.  To the extent that an answer is necessary, defendants admit that during major league baseball games, US Cellular Field is a place of public accommodation under the ADA, but deny that these allegations represent a true and complete recitation of the Act's provisions and deny any unlawful derivative conduct.

    **ANSWER:**

44.    At all relevant times, Defendants, the SOX, had actual notice of Plaintiff's disability.

    **ANSWER:**    Defendants deny the allegations in this paragraph, and deny any unlawful conduct.

45.    At all times relevant, the Plaintiff advised Defendants, the SOX, that due to his disability he requested to remain seated for a matter of minutes while waiting for the restroom facilities to become available.  Plaintiff's statements to Defendants constituted a request for reasonable accommodation under the ADA.

    **ANSWER:**    Defendants deny the allegations as stated, and deny any unlawful conduct.

46.    Plaintiff's requested accommodation was reasonable and necessary to ensure that Plaintiff would receive full and equal enjoyment of Defendants' places of public accommodation, to wit:  access to the restroom facilities at the conclusion of the ballgame.

    **ANSWER:**    Defendants deny the allegations, and deny any unlawful conduct.

13

47.     Through their conduct described herein, Defendants, the SOX, discriminated against the Plaintiff on the basis of his disability, depriving him of the full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations in the Defendants' places of public accommodation. Accordingly, Defendants' actions and omissions violated 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(b)(1)(A)(1).

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct.

48.     Through their conduct described herein, Defendants, the SOX, failed to make reasonable accommodations in policies, practices, and procedures, when such modifications were necessary to insure Defendants' services, facilities, privileges, advantages, and accommodations were available to the Plaintiff in the most integrated setting possible. Accordingly, Defendants the SOX violated 42 U.S.C. § 12182(B)(2)(A)(ii) and 42 U.S.C. § 12182 (b)(1)(B).

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct.

49.     Defendants, the SOX, also violated Plaintiff's rights when they failed to remove architectural barriers in existing facilities or offer services in alternative settings, such as but not limited to providing adequate seating in a "waiting area" inside, outside or adjacent to the restroom are for use by disabled persons such as Plaintiff, when it was readily achievable to do so. 28 C.F.R. 36.304; 28 C.F.R. 36.305(b)(3).

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct.

50.     Additionally, upon receiving actual notice of Plaintiff's disability and requested accommodation, at least four (4) of Defendants' security personnel surrounded the 72 year old Plaintiff in order to coerce, intimidate, threaten or interfere with the Plaintiff's exercise or enjoyment of his right to reasonable accommodation under the ADA, and to coerce the Plaintiff to abandon his request for reasonable accommodation under the ADA and exit the facility

6029085v1 858400

immediately.  The SOX Defendants' conduct was unlawful, in that it constituted retaliation, coercion and intimidation of the Plaintiff due to Plaintiff's objection to Defendants' discriminatory practice and refusal to accommodate him.  42 U.S.C. §12203(b); 28 C.F.R. §36.206.

      **ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

51.    Defendants, the SOX's, unlawful conduct and/or failures to act violated, and continue to violate, Plaintiffs federal statutory rights, under Title III of the ADA, to be free from discrimination on the basis of disability, "in the full. and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182, et. seq.

      **ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

52.    Accordingly, the Plaintiff, ROBERT DEMAR, sustained damages as a direct result of Defendants', the SOX's, actions, omissions, practices, policies and procedures, described above, which violated the ADA.

      **ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

### COUNT II:  INJUNCTIVE RELIEF

**(Robert DeMar v. The Chicago White Sox, Ltd. and CHISOX Corporation)**

53.    The Plaintiff hereby incorporates paragraphs 1 through 52 of this Complaint as paragraphs 1 through 52 of this Count II, as though fully set forth herein.

      **ANSWER:**     Defendants restate and re-allege their answers to paragraphs 1 through 52 as though fully set forth herein.

54.     The Plaintiff reasonably expects to use the SOX's services, activities, facilities, privileges, advantages and public accommodations in the future, thus there is a real threat of future injury if the Defendants' discriminatory policies, practices, and procedures do not immediately end. The threat is particularly great. due to the fact that the SOX sponsor baseball games that are appealing to the Plaintiff. Accordingly, since the Plaintiff intends to attend baseball games at US Cellular Field in the future, it is necessary that the SOX's discriminatory practices end immediately to prevent further harm to the Plaintiff.

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct.

55.     As a result of the SOX's barriers, practices, policies and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to the Defendants' denial of his statutory rights. There are reasonable grounds to believe that Defendants will continue to engage in the acts and practices prohibited by the ADA. Consequently, injunctive relief is necessary to insure that Defendants comply with the law.

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct..

56.     Unless injunctive relief is granted, Plaintiff will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct..

57.     In order to enforce his rights under the law, Plaintiff was forced to retain counsel and thus he is entitled to recover attorney's fees, costs and expenses.

        **ANSWER:**        Defendants deny the allegations, and deny any unlawful conduct.

        WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

## PENDENT STATE LAW CLAIMS

6029085v1 858400

## COUNT III: ASSAULT AND BATTERY

### (Robert DeMar v. All Defendants)

58.     The Plaintiff hereby incorporates paragraphs 1 through 57 of this Complaint as paragraphs 1 through 57 of this Count III, as though fully set forth herein.

**ANSWER:**     Defendants hereby restate and re-allege their answers to paragraphs 1 through 57 as though fully set forth herein.

59.     The aforementioned actions of Defendants' employees and/or agents constituted an assault in that said employees and/or agents intentionally and unlawfully threatened physical inj urns, and/or caused Plaintiff to fear imminent physical injury, coupled with the apparent present ability of said employees and/or agents to effectuate said injury.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

60.     The aforementioned actions of Defendants' agents and/or employees against Plaintiff constituted a battery in that said employees and/or agents intended to cause harmful and/or offensive contact with. Plaintiff Without Plaintiff's consent, and that a harmful and/or offensive contact resulted.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

61.     The aforementioned actions of Defendants' agents and/or employees against Plaintiff constituted affirmative acts intended to threaten and cause unpermitted contact to the Plaintiff.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

62.     Defendants, through their agents and/or employees, had a duty to refrain from committing an unlawful assault and battery upon Plaintiff.

**ANSWER:**     Defendants deny that they committed any unlawful assault or battery on plaintiff and deny that the allegations in this paragraph represent an accurate and complete statement of their duties.

17

63.     Defendants, through their agents and/or employees, breached their duty to Plaintiff by committing said assault and battery upon Plaintiff.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

64.     As a direct and proximate result of the Defendants' foregoing acts and/or omissions, Plaintiff suffered personal and pecuniary damages, and was prevented from engaging in his ordinary affairs and duties.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

65.     Defendants are responsible for Plaintiffs damages and injuries caused by their employees and/or agents due to the fact that said wrongful actions were committed with actual or apparent authority of Defendants.

**ANSWER:**     Defendants deny the allegations, and deny any unlawful conduct.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

## COUNT IV: FALSE IMPRISONMENT

### (Robert DeMar v. All Defendants)

66.     The Plaintiff hereby incorporates paragraphs 1 through 65 of this Complaint as paragraphs 1 through 65 of this Count IV, as though fully set forth herein.

**ANSWER:**     Defendants hereby restate and re-allege their answers to paragraphs 1 through 65 as though fully set forth herein.

6029085v1 858400

67.    At all times relevant, on September 7, 2003, the Defendants, by and through their agents and/or employees, unlawfully, physically and under the threat of force, restrained, detained and confined the Plaintiff.

**ANSWER:**    Defendants deny the allegations, and deny any unlawful conduct..

68.    At all times relevant, on September 7, 2003, the Plaintiff did, not strike or initiate any contact with Defendants' employees and/or agents.

**ANSWER:**    Defendants deny the allegations, and deny any unlawful conduct.

69.    At all times relevant, on September 7, 2003, the Plaintiff offered no resistance to the unlawful actions by Defendants' employees and/or agents.

**ANSWER:**    Defendants deny the allegations, and deny any unlawful conduct.

70.    At all times. relevant, on September 7, 2003, the Plaintiff never consented to any of the foregoing acts.

**ANSWER:**    Defendants are without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

71.    At all times relevant, on September 7, 2003, the Defendants, by and through their agents and/or employees, did not have reasonable cause to detain the Plaintiff in the manner set forth herein.

**ANSWER:**    Defendants deny that they unlawfully detained the plaintiff and deny the remaining allegations as stated, and deny any other purported unlawful conduct.

72.    At all times relevant, on September 7, 2003, the Defendants' agents and/or employees were acting within the scope of their employment by Defendants, and were acting with the authority vested upon them by Defendants.

**ANSWER:**    Defendants admit that employees of At Your Service and Chicago White Sox, Ltd. were acting within the scope of their employment, but are without information or knowledge sufficient to form a belief as to the truthfulness or accuracy of the remaining allegations, and they are therefore deemed denied.

6029085v1 858400

73.    At all times relevant, on September 7, 2003, the Defendants' agents and/or employees were acting in furtherance of the business of Defendants.

**ANSWER:**    Defendants admit that employees of At Your Service and Chicago White Sox, Ltd. were acting in furtherance of their respective business interests, but deny that any actions in furtherance of their respective businesses were unlawful, and deny all remaining allegations as stated.

74.    As a direct and proximate result of the false imprisonment by Defendants' agents and/or employees, the Plaintiff was injured and will continue to incur suffering and emotional distress.

**ANSWER:**    Defendants deny the allegations, and deny any unlawful conduct.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.


**COUNT V: NEGLIGENCE**

**(Robert DeMar v. The Chicago White Sox, Ltd., CHISOX Corporation, At Your Service, Inc., At Your Service, L.L.C., and SDI Security)**

75.    The Plaintiff hereby incorporates paragraphs 1 through 74 of this Complaint as paragraphs 1 through 74 of this Count V, as though fully set forth herein.

**ANSWER:**    Defendants restate and re-allege their answers to paragraphs 1 through 74 as though fully set forth herein.

76.    At all times relevant, Defendants had a duty to the public, generally, and the Plaintiff, specifically, to exercise reasonable and proper care in the selection, retention, discipline, evaluation, supervision and termination of their employees and personnel.

**ANSWER:**    Defendants deny that they engaged in any unlawful conduct and deny that the allegations contained in this paragraph represent a complete and accurate statement of their duties, and therefore deny the allegations as stated.

6029085v1 858400

77.     At all times relevant, Defendants had a duty to exercise reasonable care for the safety of patrons at the aforesaid baseball game.

**ANSWER:**     Defendants deny that they engaged in any unlawful conduct and deny that the allegations contained in this paragraph represent a complete and accurate statement of their duties.

78.     At all times relevant, Defendants breached the foregoing duty and was negligent in one or more of the following respects, in that they

1.     negligently, carelessly, improperly and unreasonably allowed their employees involved in the acts recited herein to continue in their duties as employees when they knew or in the exercise of reasonable care, should have known, that the persons they employed had a propensity to engage in violent behavior;

2.     negligently, carelessly, improperly and unreasonably failed to properly train Defendants' partners, agents and/or employees in crowd safety and control policies and procedures;

3.     negligently, carelessly, improperly and unreasonably failed to properly supervise the persons they employed;

4.     negligently, carelessly, improperly and unreasonably failed to properly evaluate the persons they employed;

5.     negligently, carelessly, improperly and unreasonably failed to stop and/or halt the acts taken against the Plaintiff by the persons they employed;

6.     negligently, carelessly, improperly and unreasonably permitted their employees to confront, detain and remove the Plaintiff when they knew or should have known it would not be done properly;

7.     negligently, carelessly, improperly and unreasonably failed to implement adequate response plans and procedures for occurrences and/or patrons having unwanted contact with Defendants' personnel; and

8.     negligently, carelessly, improperly and unreasonably failed to control, monitor and prevent their employees, partners, and/or agents from causing bodily harm, injury and distress to the Plaintiff.

**ANSWER:**     Defendants deny the allegations in this paragraph, including its sub-parts and deny any unlawful conduct.

79.    As a direct and proximate result of one or more off the foregoing acts or omissions by Defendants, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER:    Defendants deny the allegations, and deny any unlawful conduct.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

## COUNT VI: NEGLIGENCE

**(Robert DeMar v. Superior Air-Ground Ambulance Services, Inc.)**

This Count in not directed against these defendants and therefore they make no answer.

## COUNT VII: NEGLIGENCE

**(Robert DeMar v. Unknown Defendant – Individuals)**

This Count is not directed against these defendants and they therefore make no answer.

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Robert DeMar v. All Defendants)**

80.    The Plaintiff hereby incorporates paragraphs 1 through 89 of this Complaint as paragraphs 1 through 89 of this Count VIII, as though fully set forth herein.

ANSWER:    Defendants hereby restate and re-allege their answers to paragraphs 1 through 89 as though fully set forth herein.

81.    As a direct and proximate result of one or more of the foregoing acts or omissions by Defendants, the Plaintiff experienced a direct impact to his body.

ANSWER:    Defendants deny the allegations, and deny any unlawful conduct.

22

82.     As a direct and proximate result of one or more of the foregoing acts or omissions by Defendants, the Plaintiff was injured and will continue to incur suffering and emotional distress.

ANSWER:     Defendants deny the allegations, and deny any unlawful conduct.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

## COUNT IX: RESPONDEAT SUPERIOR

### (Robert DeMar v. All Defendants)

83.     The Plaintiff hereby incorporates paragraphs 1 through 92 of this Complaint as paragraphs1 through 92 of this Count IX, as though fully set forth herein.

ANSWER:     Defendants hereby restate and reallege their answers to paragraphs 1 through 92 above as though fully set forth herein.

84.     At all times relevant, each of the Defendants was vicariously liable for the actions of the agents and employees they employed, including unknown security guards and unknown paramedics and ambulance drivers, respectively.

ANSWER:     Defendants are without information or knowledge sufficient at this time to either admit or deny the allegations in this paragraph, and they are therefore deemed denied.

WHEREFORE, defendants hereby demand judgment in their favor and for an order setting forth that plaintiff is entitled to no relief.

## JURY TRIAL DEMAND

Defendants hereby demand trial by jury.

23

Respectfully submitted,

/s/ James C. Vlahakis
One of the attorneys for defendants, THE
CHICAGO WHITE SOX, LTD., CHISOX
CORPORATION and AT YOUR
SERVICE, L.L.C.

6029085v1 858400

## AFFIRMATIVE DEFENSES

### I.     PLAINTIFF HAS IS NOT DISABLED UNDER THE ADA

Plaintiff, ROBERT DEMAR, is not "disabled" under the ADA.

### II.     PLAINTIFF HAS NOT REQUESTED A REASONABLE ACCOMODATION

Plaintiff, ROBERT DEMAR, has not requested a "reasonable accommodation" under the ADA because the relief he seeks, to remain in his seat after the conclusion of the game, is unmanageable and burdensome.

### III.     CONTRIBUTORY WILLFUL AND WANTON CONDUCT

Plaintiff, ROBERT DEMAR, was guilty of contributory willful and wanton conduct at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he intentionally and recklessly refused to verbally communicate with the agents and/or employees of Defendants and intentionally and recklessly refused to answer any and all questions posed by Defendants agents and/or employees at the time and place aforesaid.

### IV.     FAILURE TO MITIGATE

As a third, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, failed to mitigate his damages at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he failed to provide information to the paramedics, treating physicians and nurses at Mercy Hospital concerning his medical condition on September 7, 2003 and voluntarily left Mercy Hospital on September 7, 2003 and proceeded to walk back, on his own, to US Cellular Field prior to being discharged from Mercy Hospital.

### V.     CONTRIBUTORY NEGLIGENCE

As a fourth, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, was guilty of contributory negligence at the time

25

and place aforesaid, thereby causing and contributing to the injuries alleged, when he refused to verbally communicate with the agents and/or employees of Defendants and refused to answer any and all questions posed by Defendants agents and/or employees at the time and place aforesaid.

### VI.    CONSENT

As a fifth, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, ROBERT DEMAR, consented to the treatment rendered to him on September 7, 2003 by the agents and/or employees of Defendants.

Respectfully submitted,

/s/ James C. Vlahakis
One of the attorneys for defendants, THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION    and    AT    YOUR SERVICE, L.L.C.

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601
312/704-3000

6029085v1 858400

I, James C. Vlahakis, hereby certify that I electronically filed a copy of the above document to all counsel of record via the CM/ECF system on March 8, 2006, with a hard copy to be served on Plaintiff's counsel via U.S. Mail delivery.

Respectfully submitted,

/s/ James C. Vlahakis
One of the attorneys for defendants, THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION and AT YOUR SERVICE, L.L.C.

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601
312/704-3000

6029085v1 858400