26847.00D6S8/klm/Document #: 713837                                          Firm Id. 412

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DEMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 05 C 5093 |
| | ) | |
| THE CHICAGO WHITE SOX, LTD., | ) | Judge Der-Yeghiayan |
| CHISOX CORPORATION, a corporation, | ) | |
| AT YOUR SERVICE, INC., a corporation, | ) | Magistrate Judge Levin |
| AT YOUR SERVICE, L.L.C., SDI | ) | |
| SECURITY, INC., a corporation, | ) | |
| SUPERIOR AIR-GROUND | ) | |
| AMBULANCE SERVICE, INC., a | ) | |
| corporation, and OTHER UNKNOWN | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION OF FACT**

PLEASE TAKE NOTICE that you are required, pursuant to Fed. R. Civ. P. 36, to serve upon the undersigned within thirty (30) days after service of this notice, Plaintiff's responses to the following Requests for Admission:

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that on September 7, 2003, Plaintiff, Robert DeMar, attended a baseball game at US Cellular Field, a baseball park located at 333 West 35th Street, in the City of Chicago, County of Cook, State of Illinois, (hereinafter "US Cellular Field").

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiff, Robert DeMar, remained at US Cellular Field on September 7, 2003 until the end of the baseball game.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that after the baseball game had concluded at US Cellular Field on September 7, 2003, Plaintiff, Robert DeMar, witnessed patrons of US Cellular Field begin to get up from their seats and exit the ballpark.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that after the baseball game had concluded at US Cellular Field on September 7, 2003, Plaintiff, Robert DeMar, witnessed patrons of US Cellular Field exit their seats in the ballpark and elected to remain seated in his seat until most patrons had left their seats.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that after the baseball game had concluded at US Cellular Field on September 7, 2003, Plaintiff remained in his seat until security officers asked Plaintiff, Robert DeMar, to get up from his seat in the ballpark and to exit US Cellular Field.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that on September 7, 2003, after Plaintiff, Robert DeMar, was asked by security officers to get up from his seat in the ballpark and to exit US Cellular Field, that Plaintiff, Robert DeMar, refused to get up from his seat, refused to exit US Cellular Field and he was physically capable of getting up and leaving without help.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that on September 7, 2003, after being asked by security officers to exit US Cellular Field, that Plaintiff, Robert DeMar, refused to get up from his seat at US Cellular Field, and was subsequently removed from his seat at US Cellular Field by said security officers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

      Admit that on September 7, 2003, after being removed from his seat at US Cellular Field by said security officers, Plaintiff, Robert DeMar, was transported via gurney by the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc. to the Nurses' Station at US Cellular Field.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

      Admit that on September 7, 2003, after Plaintiff, Robert DeMar, was transported into the Nurses' Station at US Cellular Field by the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc., that Plaintiff, Robert DeMar, voluntarily extended one of his fingers so that his blood could be tested.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

      Admit that on September 7, 2003, Plaintiff, Robert DeMar, was not restrained by any person while inside the Nurses' Station at US Cellular Field.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

      Admit that on September 7, 2003, Plaintiff, Robert DeMar, was inside the Nurses' Station at US Cellular Field and when asked by agents and/or employees of Superior Air-Ground Ambulance Service, Inc. the year and date, Plaintiff, Robert DeMar, responded that the year was 1347 and that the month was July.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

      Admit that on September 7, 2003, after exiting the Nurses' Station as US Cellular Field, Plaintiff, Robert DeMar, was transported via gurney by the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc. to an ambulance operated by the apparent agents and/or employees Superior Air-Ground Ambulance Service, Inc.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

      Admit that on September 7, 2003, Plaintiff, Robert DeMar, was placed into the back of an ambulance operated by the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc. and transported to Mercy Hospital, located at 2525 S. Michigan Avenue, Chicago, Illinois 60616, (hereinafter "Mercy Hospital").

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that during the transport of Plaintiff, Robert DeMar, from US Cellular Field to Mercy Hospital on September 7, 2003, Plaintiff, Robert DeMar, refused to answer any and all questions posed by said apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that during the transport of Plaintiff, Robert DeMar, from US Cellular Field to Mercy Hospital on September 7, 2003, that Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees provided non-emergency medical care and/or non-emergency medical services to the Plaintiff in the form of monitoring the Plaintiff's blood pressure, pulse and respiration levels by administering a Glasgow Coma test.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that during the transport of Plaintiff, Robert DeMar, from US Cellular Field to Mercy Hospital on September 7, 2003, that Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees provided non-emergency medical care and/or non-emergency medical services to the Plaintiff in good faith.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that during the transport of Plaintiff, Robert DeMar, from US Cellular Field to Mercy Hospital on September 7, 2003, that Plaintiff, Robert DeMar, did not refuse any of the non-emergency medical care and/or non-emergency medical services administered by Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that any touching of the Plaintiff's body by Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees during the transport from US Cellular Field to Mercy Hospital on September 7, 2003 was not offensive.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that any touching of the Plaintiff's body by Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees during the transport from US Cellular Field to Mercy Hospital on September 7, 2003 was not harmful.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that the records attached as "Exhibit A" are true and accurate copies of the original records of Superior Air-Ground Ambulance Service, Inc. pertaining to Superior's transport of Plaintiff, Robert DeMar, on September 7, 2003.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that the records attached as "Exhibit A" were made in the regular course of Superior Air-Ground Ambulance Service, Inc.'s business and the regular course of Superior Air-Ground Ambulance Service, Inc.'s business was to make such records at the time of the incident in question or within a reasonable time thereafter.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff, Robert DeMar, declined medical treatment at Mercy Hospital on September 7, 2003.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff, Robert DeMar, voluntarily left the premises of Mercy Hospital on September 7, 2003.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit that after leaving Mercy Hospital on September 7, 2003, Plaintiff, Robert DeMar, walked from Mercy Hospital to US Cellular Field, voluntarily, and did not call anyone for help or ask anyone for help in retrieving his vehicle from US Cellular Field.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff, Robert DeMar, did not sustain any physical injuries as a result of the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit that after Plaintiff, Robert DeMar, voluntarily left Mercy Hospital on September 7, 2003, Plaintiff did not seek any medical treatment as a result of the suffering and emotional distress he claims to have sustained from the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit that after Plaintiff, Robert DeMar, voluntarily left Mercy Hospital on September 7, 2003, Plaintiff did not seek any psychological treatment as a result of the suffering and emotional distress he claims to have sustained from the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit that after Plaintiff, Robert DeMar, voluntarily left Mercy Hospital on September 7, 2003, Plaintiff did not seek any psychiatric treatment as a result of the suffering and emotional distress he claims to have sustained from the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit that Plaintiff, Robert DeMar, did not sustain any damages as a result of the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**

Admit that Plaintiff, Robert DeMar, did not sustain a loss of income as a result of the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**

Admit that Plaintiff, Robert DeMar, did not sustain a loss of business opportunity as a result of the incident of September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**

Admit that the alleged conduct of Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees on September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law, did not proximately cause the Plaintiff's alleged injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**

Admit that alleged conduct of Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees on September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law, did not proximately cause the Plaintiff's alleged damages.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**

Admit that Plaintiff, Robert DeMar, has no medical report from a licensed medical doctor stating that Plaintiff's claimed suffering and emotional distress is a result of the conduct of Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees on September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff, Robert DeMar, has no report from a licensed psychologist stating that Plaintiff's claimed suffering and emotional distress is a result of the conduct of Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees on September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**

Admit that Plaintiff, Robert DeMar, has no report from a licensed psychiatrist establishing that Plaintiff's claimed suffering and emotional distress is a result of the conduct of Superior Air-Ground Ambulance Service, Inc.'s apparent agents and/or employees on September 7, 2003, as alleged in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**

Admit that Plaintiff, Robert DeMar, sent a letter to Superior Air-Ground Ambulance Service, Inc., subsequent to the occurrence complained of in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**

Admit that the letter attached as "Exhibit B" is a true and accurate copy of the letter that Plaintiff, Robert DeMar, sent to Superior Air-Ground Ambulance Service, Inc. subsequent to the occurrence complained of in Plaintiff's First Amended Complaint at Law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit B" that on September 7, 2003, security personnel at US Cellular Field asked him to leave the ballpark and he refused.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**

Admit that the alleged conduct of the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc., as contained in the allegations in Plaintiff's First Amended Complaint at Law, did not proximately cause any of the Plaintiff's alleged injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**

Admit that alleged conduct of the apparent agents and/or employees of Superior Air-Ground Ambulance Service, Inc., as contained in the allegations in Plaintiff's Amended Complaint at Law, did not proximately cause any of the Plaintiff's alleged damages.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**

Admit that on and before September 7, 2003, Plaintiff, Robert DeMar, suffered from chronic hypertension.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**

Admit that on and before September 7, 2003, Plaintiff, Robert DeMar, suffered from arthritis.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**

Admit that on and before September 7, 2003, Plaintiff, Robert DeMar, suffered from post-polio paralysis.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**

Admit that Plaintiff, Robert DeMar, sent a five (5) page letter to the Chicago White Sox, to the attention of Tom Collins, dated September 4, 2003.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**

Admit that the letter attached as "Exhibit C" to the Chicago White Sox, attention Tom Collins, dated September 4, 2003, is a true and accurate copy of the letter that Plaintiff, Robert DeMar, sent to the Chicago White Sox.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit C" that the Chicago White Sox owe him a refund check in the amount of $84.00 for events that took place at US Cellular Field on August 9th and August 10th.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit C" that the Chicago White Sox employees, along with the Police, refused Plaintiff entry to the ballpark.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit C" that Plaintiff will further pursue unless the Chicago White Sox relent.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 50:**

Admit that the Plaintiff, Robert DeMar, sent a letter to the Chicago White Sox, 333 W. 35th Street, Chicago, Illinois 60616, dated June 30, 2003, attached as "Exhibit D."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**

Admit that the letter attached as "Exhibit D", dated June 30, 2003, is a true and accurate copy of the letter that Plaintiff, Robert DeMar, sent to the Chicago White Sox, 333 W. 35th Street, Chicago, Illinois 60616.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit D" that Plaintiff "has developed a severe hostility- that is you used all the handicapped parking spaces for some other group".

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit D" that "Handicapped access is a legal requirement which the law requires. My intention is to get you to obey the law. I am going to check at All Star time and will have a season ticket for the next several years. I am still thinking but will do something. For example, you think people should not run on the field. What if I go out there with a sign that says "there are criminals in the management-why am I accused and not them?" To me that is free speech. I will contact both newspapers in Chicago and some tv and radio stations. I will call the Feds-handicapped enforcement section."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**

Admit that Plaintiff, Robert DeMar, states in "Exhibit D" that "I'll bet I can embarrass you but if I can't use handicapped parking during the All Star Game I will attempt to get all of you arrested."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**

Admit that the DVD footage attached as "Exhibit E" is a true and accurate copy of the original DVD footage taken of the Plaintiff, Robert DeMar, at US Cellular Field on September 7, 2003, by agents and/or employees of the Chicago White Sox, Ltd.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 56:**

Admit that the DVD footage attached as "Exhibit E" was made in the regular course of the Chicago White Sox, Ltd.'s business and the regular course of the Chicago White Sox, Ltd.'s business was to make such DVD footage at the time of the incident in question or within a reasonable time thereafter.

**RESPONSE:**

## Certification

Under penalty of perjury, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters I certify that I verily believe the same to be true.

_____
Robert DeMar

_____
Matthew T. Martell

Respectfully Submitted,

Williams Montgomery & John Ltd.

By: /s/Summer E. Heil, Attorney

Attorneys for Superior Air-Ground Ambulance Service, Inc.

Jeffrey H. Lipe
Summer E. Heil
Brigitte C. Weyls
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Superior Air-Ground Ambulance
20 North Wacker Drive, Suite 2100
Chicago, IL 60606-3094
312-443-3216
Fax: 312-630-8500