Dockets.Justia.com

26847.00D6S8/klm/Document #: 713853　　　　　　　　　　　　　　　　Firm Id. 412

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT DEMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05 C 5093 |
| ) | |
| THE CHICAGO WHITE SOX, LTD., ) | Judge Der-Yeghiayan |
| CHISOX CORPORATION, a corporation, ) | |
| AT YOUR SERVICE, INC., a corporation, ) | Magistrate Judge Levin |
| AT YOUR SERVICE, L.L.C., SDI ) | |
| SECURITY, INC., a corporation, ) | |
| SUPERIOR AIR-GROUND ) | |
| AMBULANCE SERVICE, INC., a ) | |
| corporation, and OTHER UNKNOWN ) | |
| DEFENDANTS. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC.'S MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES

NOW COMES the Defendant, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC. ("SUPERIOR"), by and through its attorneys, WILLIAMS MONTGOMERY & JOHN LTD., and respectfully asks this Honorable Court to Strike the Plaintiff's Disclosure of Expert Witnesses pursuant to F.R.C.P. 26(a)(2) and 37(c)(1), and in support thereof states as follows:

1.　On March 20, 2006, the Honorable Judge Samuel Der-Yeghiayan entered an order with reference to the disclosure of experts and dispositive motions in this matter. Pursuant to the attached minute order of March 20, 2006, the discovery deadline for Plaintiff to disclose expert witnesses was set for May 24, 2006. (A copy of the March 20, 2006 minute order is attached hereto and marked as Exhibit A).

2. The Plaintiff filed his expert witness disclosure on May 24, 2006. (A copy of the Plaintiff's expert witness disclosure is attached hereto and marked as Exhibit B.) The Plaintiff's expert witness disclosure contains no written reports, fails to disclose all of the experts the Plaintiff will call at trial and fails to disclose opinions as required by F.R.C.P. 26 (a)(2).

3. F.R.C.P. 26 (a)(2) mandates that an expert disclosure be accompanied by a written report prepared and signed by the witness. F.R.C.P. 26 (a)(2) further mandates that the report must contain a complete statement of all opinions to be expressed and the basis and reasons therefore.

4. F.R.C.P. 26(a)(2) provides as follows:

> (A) In addition to the disclosures required by Paragraph (1), a party shall disclose to other parties, the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

F.R.C.P. 26(a)(2).

5. Whereas, F.R.C.P. 37(c)(1) provides:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. . . .

F.R.C.P. 37(c)(1).

6. The reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources. McCloughan v. City of Springfield, 208 F.R.D. 236 (C.D. Ill. 2002) quoting (Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996)). An expert's report must be sufficiently complete and detailed so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998).

7. Rule 26(a)(2) obligates litigants to disclose information concerning their experts sufficiently prior to trial to give their adversaries time within which to prepare an effective cross-examination. Compliance with Rule 26(a)(2) is a condition precedent to the use of expert testimony at trial. Miksis v. Howard, 106 F.3d 754, 760 (7th Cir.1997). Rule 37(c)(1) provides for mandatory sanctions upon a failure to comply with the disclosure provisions of Rule 26(a). F.R.C.P. 37(c)(1).

8. This self-executing, automatic sanction is designed to provide a strong inducement for disclosure of experts and Rule 26(a) material. See F.R.C.P. 37, Advisory Committee Notes (1993 Amendments).

9. An expert's report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefore. The report must be complete so that opposing counsel is not forced to depose an expert in order to avoid ambush at trial. The Advisory Committee's Notes for Rule 26 make it clear that an expert's report is to be detailed and complete. Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 (7th Cir. 1998).

3

10. Here, the Plaintiff's disclosure contains no reports whatsoever. With respect to the purported opinions that the Plaintiff's expert, Elizabeth Reeves, possesses, this witness will apparently testify about the physical and psychological effects of post-polio syndrome as well as the societal stigma toward and abuse of disabled persons, and the necessity of accommodating persons affected by the syndrome. (See Exhibit B). Yet, the Plaintiff's expert disclosure contains no basis or reasons for the opinions of his expert witness, Elizabeth Reeves.

11. The Seventh Circuit has repeatedly held that an expert's report must include the substance of the testimony which an expert is expected to give together with the reasons therefore, and that the report must be so complete that the opposing counsel is not forced to depose an expert to avoid ambush at trial. Furthermore, the advisory committee's notes for Rule 26 make it clear that an expert's reports are to be detailed and complete.

12. Plaintiff's expert disclosure fails to include specific information about the expert's professional background and the resources she used in forming her opinions. Plaintiff's expert disclosure does not contain a list of the documents the expert considered in forming her opinions, her qualifications (including publications authored in the preceding ten years), the compensation being paid to her, or whether she has testified as an expert in the preceding four years. This is all information required by Rule 26. F.R.C.P. 26(a)(2)(B); <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998).

13. The Plaintiff's disclosure is so incomplete and lacking in detail and utterly devoid of an expert's reports that surprise is not eliminated and an unnecessary deposition cannot be avoided. The proper information has not been disclosed sufficiently.

14. Compliance with the Rule 26(a)(2) (specifically tendering the appropriate expert's reports) is mandatory for using experts at trial and the automatic sanction for non-compliance with this rule is the barring of the experts and their opinions at trial.

15. Defendant SUPERIOR has been severely prejudiced by the Plaintiff's failure to abide by the Federal Rules by not sufficiently disclosing his expert, his expert's opinions and his expert's report.

16. In further violation of the Federal Rules, the Plaintiff does not clarify whether additional expert witnesses will be called to testify at trial. The Plaintiff's disclosure lists:

    A. Elizabeth Reeves;

    B. Plaintiff's Treating Physicians; and

    C. Additional Experts.

17. It is unknown whether the Plaintiff plans to call additional experts at trial or whose opinions are being given because the Plaintiff states under Paragraph B. Plaintiff's Treating Physicians, "[f]or purposes of this disclosure, be advised that Plaintiff's treating physicians have not yet been retained, or provisionally retained, to provide testimony in Plaintiff's case".

18. SUPERIOR cannot determine whom to depose if the Plaintiff will not state the names of all experts who will be called to testify.

19. In order to facilitate compliance with the minute order of March 20, 2006, counsel for Defendant, SUPERIOR, attempted in good faith to contact Plaintiff's counsel on three occasions in an effort to secure compliance with Rule 26(a)(2) absent court intervention. As of the date of filing this Motion, however, counsel has not heard from Plaintiff's counsel. (A copy of Defense counsel's Rule 37 Request is attached hereto and marked as Exhibit C.)

20.     The Plaintiff has completely ignored the Federal Rules of Civil Procedure by not sufficiently disclosing his experts and his experts' opinions and by not submitting expert reports with his disclosure. The Federal Rules and case law mandate that if a party fails to sufficiently disclose their experts, their experts' opinions and their experts' reports the mandatory sanction is the barring of using these experts at trial.

WHEREFORE, the Defendant, SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC., by and through its attorneys, WILLIAMS MONTGOMERY & JOHN LTD., respectfully requests that this Honorable Court grant its Motion to Strike the Plaintiff's Disclosure of Expert Witnesses and the opinions of the Plaintiff's Expert Witnesses pursuant to F.R.C.P. 26(a)(2) and 37(c)(1).

>Respectfully submitted,
>
>WILLIAMS MONTGOMERY & JOHN LTD.
>
>By: /s/Summer E. Heil, Attorney
>Attorneys for Superior Air-Ground Ambulance Service, Inc.

Jeffrey H. Lipe
Summer E. Heil
Brigitte C. Weyls
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendant Superior Air-Ground Ambulance Service, Inc.
20 North Wacker Drive, Suite 2100
Chicago, IL  60606
(312) 443-3200