

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT DEMAR, <br><br> Plaintiff, <br><br> v. <br><br> THE CHICAGO WHITE SOX, LTD., CHISOX CORPORATION, a corporation, AT YOUR SERVICE, INC., a corporation, AT YOUR SERVICE, L.L.C., SDI SECURITY, INC., a corporation, and SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC., a corporation, and UNKNOWN DEFENDANTS, <br><br> Defendants. | No. 05 C 5093 <br><br> Judge: Hon. Samuel Der-Yeghiayan |

### PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Plaintiff ROBERT DEMAR, by and through counsel, Matthew T. Martell, hereby submits the required disclosures in the above-referenced cause of action pursuant to Federal Rule of Civil Procedure 26(a)(1):

#### A. WITNESSES

1. Robert Demar, 5234 South Woodlawn Avenue, Chicago, Illinois 60615, (773) 288-0389. The Plaintiff, who will testify regarding his permanent and severe disability. Plaintiff will further testify as to all events underlying this action, including defendants' conduct on September 7, 2003. Plaintiff has knowledge of his subsequent attempts to contact defendants Chicago White Sox and Superior Air-Ground Ambulance Service, Inc. ("Superior"), subsequent contacts only from defendant Superior, and a subsequent third-party denial of Plaintiff's application for consumer credit based upon Superior's collection action. Plaintiff has knowledge of damages.

2. Chicago White Sox, Ltd. and Chisox Corporation, Defendants, Security Personnel & Training Coordinator/Supervisor, 333 West 35th Street Chicago, IL 60616, (312) 674-1000. This witness is expected to have knowledge of policies and procedures, if any, of the Chicago White Sox security personnel, including independent contractors serving in such capacity, regarding ADA Title III policies or procedures for providing accommodations for disabled persons present at Chicago White Sox "home" baseball games at U.S. Cellular Park. Further testimony shall be elicited regarding ADA Title III policies, procedures and accommodations, if any, for persons with disabilities charged or suspected of criminal offenses at U.S. Cellular Field.

3. At Your Service, Inc. and At Your Service, L.L.C., Defendants, Security Personnel & Training Coordinator/Supervisor, 333 West 35th Street Chicago, IL 60616. This witness is expected to have knowledge of policies and procedures, if any, of the Chicago White Sox security personnel, including independent contractors serving in such capacity, regarding ADA Title III policies or procedures for providing accommodations for disabled persons present at Chicago White Sox "home" baseball games at U.S. Cellular Park. Further testimony shall be elicited regarding ADA Title III policies, procedures and accommodations, if any, for persons with disabilities charged or suspected of criminal offenses at U.S. Cellular Field.

4. SDI Security, Inc., Defendant, Security Personnel & Training Coordinator/Supervisor, 2907 S Wabash Ave # 200, Chicago, IL 60616, (312) 225-1071. This witness is expected to have knowledge of policies and procedures, if any, of the Chicago White Sox security personnel, including independent contractors serving in such capacity, regarding ADA Title III policies or procedures for providing accommodations for disabled persons present at Chicago White Sox "home" baseball games at U.S. Cellular Park. Further testimony shall be elicited regarding ADA

Title III policies, procedures and accommodations, if any, for persons with disabilities charged or suspected of criminal offenses at U.S. Cellular Field.

5. Superior Air-Ground Ambulance Service, Inc., Defendant, Ambulance Personnel & Training Coordinator/Supervisor, P.O. Box 1407, Elmhurst, Illinois 60126. This witness is expected to have knowledge of policies and procedures, if any, of Superior Air-Ground Ambulance Service, Inc., regarding evaluation, treatment and transport of individuals by Superior's ambulance personnel. In particular those policies and procedures for evaluating, treating, monitoring, interviewing, medicating, obtaining patient consent, securing and transporting individuals, including disabled persons such as plaintiff, who present or are presented to said ambulance personnel with no need for medical evaluation or treatment.

6. Chicago White Sox, Defendant, Business Manager / Security Director, 333 West 35th Street Chicago, IL 60616, (312) 674-1000. This witness is expected to have knowledge of complaint(s) made by disabled persons as to the conduct of security personnel toward said persons and the physical accommodations present at U.S. Cellular Field. This witness is expected to have knowledge of written complaints lodged with the Chicago White Sox subsequent to the September 7, 2003, removal of Plaintiff from U.S. Cellular Field by White Sox Security personnel.

7. Chicago White Sox, Defendant, ADA Coordinator, 333 West 35th Street Chicago, IL 60616, (312) 674-1000. This witness is expected to have knowledge of complaint(s) made by disabled persons as to the conduct of security personnel toward said persons and the physical accommodations present at U.S. Cellular Field. This witness is expected to have knowledge of written complaints lodged with the Chicago White Sox subsequent to the September 7, 2003, removal of Plaintiff from U.S. Cellular Field by White Sox Security personnel.

8. Defendants, Unknown Individual Security Guards employed by Defendants Chicago White Sox, Ltd., Chisox Corporation, At Your Service, Inc., At Your Service, L.L.C., and/or SDI Security, Inc., address and contact information unknown. These witnesses will testify regarding their employment by the named defendants listed in this paragraph, and their contact with Plaintiff by security guards, other personnel at U.S. Cellular Field, and Superior's ambulance staffers on September 7, 2003. These witnesses are expected to have knowledge of prior training, credentials, ADA Title III education, preparation and policies for accommodating persons with disabilities.

9. Defendants, Unknown Individual Ambulance Personnel employed by Superior Air-Ground Ambulance Service, Inc., Individuals with Knowledge of Events described in plaintiff's pleadings, address and contact information unknown. These witnesses are expected to testify regarding their employment by Superior, the witnesses' contact with plaintiff by Chicago White Sox security or other personnel, including other ambulance personnel employed by Superior. These witnesses are expected to have knowledge of Plaintiff's physical and mental condition at the time Plaintiff was transported by Superior's ambulance to Mercy Hospital, and of any and all statements made by these witnesses to medical personnel at Mercy Hospital emergency room receiving. These witnesses are expected to have knowledge of prior training, credentials, preparation and policies for accommodating persons with disabilities.

### B. DOCUMENTS

1. Manuals and training documents regarding policies for accommodating persons with disabilities and ADA compliance, currently in possession and/or control of each named defendant

2. Written reports, incident reports, sheets, logs, and/or transmissions regarding plaintiff prepared by each named defendant, including such documents regarding plaintiff prepared by unknown, yet-undisclosed individual defendants at the formal or informal bequest of said individuals' employer(s)

and/or kept in the usual course of business, presumed to be in the custody, possession and/or control of defendant(s)

3. Ambulance billing invoice and transport report(s) from September 7, 2003 transport of plaintiff from U.S. Cellular Field to Mercy Hospital, and notice(s) of collection from Superior Air-Ground Ambulance Service, Inc. to plaintiff, presumed to be in the custody, possession and/or control of defendant Superior and Plaintiff

4. Physical plans and construction set drawings prepared within the past 10 years for U.S. Cellular Field, presumed to be in the custody, possession and/or control of defendant Chicago White Sox

5. Letter from plaintiff to Chicago White Sox and Superior Air-Ground Ambulance Service, Inc. regarding abuse suffered by plaintiff at the hands of personnel employed and/or independent contractor(s) hired by said named defendants, presumed to be in the custody, possession and/or control of defendant(s)

6. Plaintiff's relevant medical records

7. Contract(s) and/or agreements entered into by and between any named defendants for the services rendered, hired, contracted, retained, issued or provided at U.S. Cellular Field for 2001 through 2003

The above documents, to the extent relevant and not privileged, and if not stated to be in custody, possession or control of defendant(s), are in the possession of Plaintiff's counsel and will be made available for inspection and copying at the requesting party's expense.

Insofar as not involving privileged, irrelevant, or confidential matters, the records relating to:

7. Applicable federal statutes and regulations, Illinois statutes and Chicago Municipal Code provisions

### C. DAMAGES

1. State law claims: Damages for all economic losses and all other economic detriment caused by defendants' actions; damages for all consequential loss caused by defendants' conduct; punitive

5

damages in an amount to be determined at trial;

2. ADA claims: Injunctive relief in favor of plaintiff barring all defendants from violating ADA Title III mandates and requiring implementation of policies and procedures designed to accommodate persons such as plaintiff as required under ADA Title III;

3. Attorney fees, expenses, and costs in an amount to be determined at trial;

4. Any other provable detriment.

These calculations are preliminary estimates stated only for initial disclosure purposes. Plaintiff reserves his right to present arithmetically correct calculations at a later time should these estimates be incorrect.

### D. INSURANCE AGREEMENTS

Plaintiff is aware of an insurance policy maintained by Superior Air-Ground Ambulance Services, Inc. and expects that this agreement may be liable to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy the judgment. Plaintiff is not aware at this time of any applicable insurance agreements maintained by the remaining defendants. Plaintiff intends to inspect and copy existing insurance agreements pursuant to Rule 34 at a future date.

Dated:    December 1, 2005

LAW OFFICES OF MATTHEW T. MARTELL

Matthew T. Martell
Law Offices of Matthew T. Martell
7557 W. 63rd Street
Summit, Illinois 60501
Attorney No. 6271321
(708) 924-9000