# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5093 | **DATE** | 6/21/2006 |
| **CASE TITLE** | Demar vs. Chicago White Sox, Ltd | | |

**DOCKET ENTRY TEXT**

Motion by defendant Superior Air-Ground Ambulance Service to strike [47] Plaintiff's disclosure of expert witnesses is granted.

■[ For further details see text below.]                                                                    Docketing to mail notices.

**STATEMENT**

This matter is before the court on Defendant Superior Air-Ground Ambulance Service, Inc.'s ("Superior") motion to strike Plaintiff Robert Demar's ("Demar") disclosure of an expert witness ("Disclosure") due to non-compliance with Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)"). Pursuant to Rule 26(a)(2), a party is required, among other things, to disclose in accordance with the court's deadlines the names of all expert witnesses that the party intends to present at trial. Fed. R. Civ. P. 26(a)(2). The disclosure must also contain written reports signed by the expert witnesses, a statement of the opinions of the witnesses, and must identify the supporting materials relied upon by the witnesses. *Id.*

Superior contends that on May 24, 2006, Demar served Superior with the Disclosure, which fails to list all of the experts that Demar intends to present at trial. Superior also contends that the Disclosure does not include a written report, a statement of the expert's opinion, or the supporting bases for the expert's opinion. On April 21, 2006, we stated that Demar had until

Dockets.Justia.com

**STATEMENT**

May 24, 2006, to make his expert disclosure and thus the expert disclosure deadline has passed. Also, on June 7, 2006, we gave Demar until June 14, 2006, to file an answer to the instant motion and no answer was filed. Thus, Demar has not contested any of the assertions made by Superior in the instant motion. Superior has also attached to its motion a letter sent by Superior to counsel for Demar that informed Demar of the deficiencies in the Disclosure and warned Demar that Superior would file a motion to strike if Demar did not rectify the deficiencies. Thus, based on all of the above, we find that the Disclosure was improper.

A party that fails to disclose an expert witness in accordance with Rule 26(a)(2) cannot present the witness at trial unless the failure to comply with Rule 26(a)(2) was "either justified or harmless." *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997)(quoting *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996))(stating in addition that the sanction is "automatic and mandatory"). There has been no showing by Demar that his failure to comply with Rule 26(a)(2) is justified or harmless. Superior will clearly be prejudiced by the improper Disclosure. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-58 (7th Cir. 2004)(finding that a deficient expert disclosure caused prejudice because "[k]nowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial" and because, if a proper disclosure had been made, "there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . , retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report"). In the instant action, due to the various deficiencies in the Disclosure, Superior will be impaired in its ability to make decisions concerning rebuttal experts and in its ability to prepare for trial. Therefore, we grant Superior's motion to strike Demar's expert Disclosure. Demar will not be able to present the expert referenced in the Disclosure or

**STATEMENT**

any other expert testimony at trial.